[No. 4,264.]

ALBERT TRISCONY v. WM. ORR, THOMAS N. BEASLEY AND JAMES LOWE.

TRESPASS OR TROVER FOR INJURY TO PERSONAL PROPERTY.—The lessor of personal property, such as sheep, cannot maintain trespass or trover for an injury done to the property by a stranger during the term of the lease and while the lessee is in the actual possession of the property.

COMPLAINT IN TROVER.—A complaint in trover for taking personal property must aver a conversion of the same. An averment that the defendant unlawfully, fraudulently, willfully, and maliciously took the property, is not an averment of a conversion.

COMPLAINT FOR TAKING PERSONAL PROPERTY.—An averment in a complaint that a defendant unlawfully took personal property, is a mere averment of law, and an averment that he fraudulently took it, without stating the facts which constitute the fraud, is not a statement of an issuable fact.

CONSTRUCTION OF PLEADINGS.—Pleadings, in all matters of doubt, are to be most strongly construed against the pleader.

ACTION FOR INJURY TO PERSONAL PROPERTY.—An action for injury to sheep, which was committed during the term for which they had been leased, and while the lessee was entitled to the possession, must be brought by the lessee.

APPEAL from the District Court, Twentieth Judicial District, County of Monterey.

The plaintiff, in his complaint, averred that, in November, 1871, he leased, by lease in writing, to Jose Llaguno, two thousand ewes, for the term of two years, commencing on the 1st day of September, 1871, and that the lessee took possession, and that about the 28th of June, 1872, while the lessee was in possession of the sheep, as bailee of the plaintiff, defendant Orr, at the instigation and request of defendants Beasley and Lowe, unlawfully, fraudulently,

willfully, and maliciously, took and carried away from the possession of Llaguno the sheep, and still detained one hundred and eleven ewes and thirty-five lambs from the possession of the plaintiff, and that by reason of the taking the band of sheep were damaged, by reason of not having been sufficiently watered and fed, and that the plaintiff also sustained damage by loss of the wool he could have taken from the one hundred and forty-six sheep detained.

By the terms of the lease, Llaguno was to furnish pasture and herd the sheep and have half the increase, and the wool was to be equally divided between the parties, each party paying one half the expense of shearing, and other expenses for freight, commissions, and to carry the wool to market. Llaguno was to return the same number of old sheep that he received; but if any of them were lost, the complement was to be made up from the lambs of the first year, and the remainder of the increase was to be equally divided. The action was commenced September 10, 1873. The defendant demurred to the complaint, the Court sustained the demurrer, and rendered judgment for the defendants, and the plaintiff appealed.

The other facts are stated in the opinion.

*Wm. H. Webb, James A. Wall* and *T. Beeman*, for the Appellant.

Mr. Justice STORY, after reviewing the various definitions given by writers on the subject of bailment and of the character of property and rights vested in the bailee under different circumstances, says: "But, whatever may be the true doctrine on this subject, whether that the depositary has a special property in the deposit, or not, there is no doubt that not only he, but the general owner, in virtue of his general ownership and right of possession, may also maintain a suit against a stranger, for any injury to it, or any conversion of it. Indeed, it is a general rule, that either the bailor or bailee may in such a case maintain a suit for redress; and a recovery of damages by either of them will be a full satisfaction, and may be pleaded in bar of any subsequent suit by the other." (Story on Bailm., secs.

94 and 352; *Scriber* v. *Masten,* 11 Cal. 303; *Comak* v. *Hale,* 24 Wend. 462.)

If the depositary has the right to sue for an injury to the property bailed to him, it must of necessity arise from his right of possession alone, as he has no property, either general or special, in the subject of the bailment. (Story on Bailm., secs. 41 and 93; Redfield on Bailm., sec. 626.)

Hence, since either the bailee or bailor may sue, it necessarily follows that the right of possession in the bailee does not take away the right, or preclude the general owner from maintaining this action against third persons, wrongfully taking the property from a bailee, but that the right of action subsists concurrently in the bailee and bailor.

This position is sustained by the authority of: *Fitzhugh* v. *Wiman,* 9 N. Y. 559; *Neff* v. *Thompson & Ide,* 8 Barb. 213; 2 Estee, p. 196 n. 45; *Sweet* v. *Ryan,* 1 East.; *McCombie* v. *Davies,* 7 East.; *Esquehart* v. *McIver,* 4 John, 116; *Robinson* v. *Haas,* 40 Cal. 478; 4 T. R. 489; 7 T. R. 12; *Faulkner* v. *Brown,* 15 Wend. 63.

*Julius Lee,* for the Respondent.

The transaction between the plaintiff and Llaguno was a bailment for hire, the fifth class into which elementary writers usually divide bailments.

Plaintiff had leased the sheep to Llaguno for a term of years; he paid a valuable consideration for their use or hire during that period; he undoubtedly had a special property in them, was entitled to half their increase and half their wool; and that he was entitled to their actual and exclusive possession during the said term, is beyond question. The general owner himself would have been a trespasser had he interfered with them while so in Llaguno's possession during said term.

A creditor, even, of the general owner cannot attach the property and take it from the possession of the bailee under such circumstances. (Story on Bailments, Sec. 395; *Hartford* v. *Jackson,* 11 New Hamp. 145.) Indeed, during said term of lease or hire, said sheep were as practically the property of Llaguno as though he had had the absolute

title to them.  "The hirer becomes the temporary proprietor of the things bailed." (Edwards on Bailm., 309.)  Or as STORY expressed it, "the principal difference between them, (contracts of bailment for hire and sale,) being that in cases of sale, the owner parts with the whole proprietary interest in the thing, and in cases of hire, the owner parts with it only for a temporary use or purpose." (Story on Bailments, Sec. 371.)

But I need not elaborate this proposition; it is too elementary for argument or authority.  STORY and other authors hold, and I do not say without some reason and authority, that in case of mere naked *depositum* which is without reward or consideration, the depositary has no special property or interest in the thing bailed, but a "possessory right" to it merely.  (See Story on Bailments, Sec. 93 a–93 h.)  And that in such case either the bailor or bailee may maintain on action for a tortious interference with the property; the bailor in consequence of his general ownership and constructive possession, or right to the immediate possession, and the bailee in consequence of said possessory right, and of his being liable to the bailor for gross negligence.  And it has also been held that in case of a common carrier, "the carrier is considered in law as the servant of the owner, and the possession of the servant is the possession of the master." (Justice BULLER in *Ward* v. *Macauley*, 4 Term Rep. 489, 490.)  And courts which so hold would doubtless hold, in such cases, that the bailor could maintain the action, because he is constructively in possession,

But I say, as a proposition of law, that under the state of facts disclosed by the complaint in this case, Triscony, the plaintiff here, can no more sustain an action against a third party for taking said sheep from Llaguno's possession, during said term, without alleging some special damage to his reversionary interest therein, than can "the man in the moon."  The proposition is "a common learning in the law," too elementary and too long and universally accepted and acquiesced in to require either argument or authority.

The learned counsel on the other side have presented an

array of authorities, professedly, upon this point, which at first view, looks very imposing, but upon examination it will be found that some of them are misquoted or do not exist—that most of them are in no respect in point; and that those which are in point expressly and emphatically sustain the foregoing proposition. Not one of the authorities which they have produced, or which they can produce, sustains the opposite doctrine. On the contrary, those which sustain my proposition are all that exist upon the subject. I shall cite but very few of them as specimens of the whole.

"So in trespass *de bonis asportatis* or trover—the plaintiff must have had, at the time of the trespass, the actual or constructive possession of the goods, or at least a general or special property in them, and a right to the immediate possession; and the general owner of goods cannot sustain either trespass or trover when there is an outstanding possession in another, accompanied with a special property. Thus the gist of trespass being an injury to the possession, while the property remains in the possession of the bailor, the general owner cannot maintain trespass therefor, as in case of bailments for hire, etc." (2d Hilliard on Torts, p. 502.) "With respect to the plaintiff's interest in the property affected, he must, at the time when the injury was committed, have had an actual or constructive possession, and also a general or qualified property, etc." (1st Chitty on Pleading, p. 168; title Trespass.) "The action for the trespass, of unlawfully taking personal property, can only be sustained by the party who has a present right of possession." (Edward's on Bailments, p. 315; 2 Greenleaf on Ev., Sec. 616; Story on Bailments, Sec. 93.)

By the Court, CROCKETT, J.:

The demurrer to the complaint was properly sustained. Whether the action be deemed to be in the nature of an action of trespass, trover, or trespass on the case, the complaint is defective in substance. The lease of the sheep constituted a bailment for hire; and during the term of the lease, the lessee was entitled to the exclusive possession.

The alleged trespass was committed during the term, when the lessee was in the actual, and was entitled to the exclusive possession as against the plaintiff, his lessor. It is well settled that a person having neither the possession nor the right to the possession of personal chattels, cannot maintain trespass or trover for an injury done to the property. (2 Hilliard on Torts, 502; Edwards on Bailments, Sec. 315; 2 Green. Ev. Sec. 616; Story on Bailments, Secs. 394, 93; *Putnam* v. *Wiley*, 8 John. 434; *Muygridge* v. *Eveleth*, 9 Pick. 233.)

If intended to be in the nature of an action of trover, the complaint is defective in substance. It does not aver a demand and refusal to return the property, nor a conversion of it by the defendants; but only that they "unlawfully, fraudulently, willfully and maliciously" took it from the possession of the plaintiff's bailee or lessee, and "do still unlawfully, fraudulently, willfully, and maliciously withhold and detain a portion of the aforesaid property (specifying it), from the possession of plaintiff." Whether the defendant took the sheep "unlawfully" was a question of law, and not the statement of an issuable fact. If they took them "fraudulently," the facts constituting the fraud should have been averred. Otherwise no issuable fact is stated. They may have taken them "willfully and maliciously," without a conversion. If the complaint be regarded as in the nature of a complaint in trespass on the case, for the injury caused to the sheep by defective feeding, it states no cause of action. If this injury was caused while the lessee was entitled to the possession under the lease, the right of action was in him, and not in the plaintiff, for the reasons already stated. In an action of trover or trespass, he might have recovered the value of the sheep with interest, or in replevin, the sheep in kind, with such damage as they had suffered during their detention. The complaint does not state whether this damage occurred before or after the plaintiff became entitled to the possession; and the rule being that all pleadings must be construed most strongly against the pleader, we must assume that the damage occurred while the lease was in force, and before the plaintiff

became entitled to the possession.  In that event the lessee only could maintain the action.

Judgment affirmed.

Mr. Justice McKINSTRY delivered the following concurring opinion, in which Mr. Chief Justice WALLACE concurred.

The action is brought for a trespass *de bonis asportatis* committed while the lessee of the plaintiff was in the actual possession, and entitled to the exclusive possession of the personal property taken and carried away.

There is no averment in the complaint, nor was there any proof that the claim of the lessee for damages was assigned to the plaintiff.  I agree that the judgment should be affirmed.