[See Case No. 12.824.]

---

SHULTZ (UNITED STATES v.). See Case No. 16,286.

---

## Case No. 12,826.

### SHUMAN v. FLECKENSTEIN.

[4 Sawy. 174; [2] 15 N. B. R. 224; 9 Chi. Leg. News, 174.]

District Court, D. Oregon. Jan. 30, 1877.

BANKRUPTCY — ILLEGAL TRANSFER OF PROPERTY— ACTION BY ASSIGNEE TO RECOVER—DAMAGES.

1. A transfer of property by an insolvent debtor, contrary to section 5128 of the Revised

[1] [Reported by Hon. John McLean, Circuit Justice.]

[2] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

Statutes, is contingently valid, and the receipt of the same by the creditor is not tortious, and does not of itself amount to a conversion of the property.

[Cited in brief in Crampton v. Valido Marble Co., 60 Vt. 297, 15 Atl. 153.]

2. An action by an assignee in bankruptcy to recover the value of goods transferred by the bankrupt contrary to section 5128 of the Revised Statutes, is in substance and effect an action of trover, and the complaint must either allege an actual conversion of the property to the use of the defendant, or a demand and refusal to deliver the same to the assignee.

[Cited in Crampton v. Valido Marble Co., 60 Vt. 302, 15 Atl. 153.]

3. In such action the assignee may recover damages for the detention of the property, including profits made out of it, or injuries received by it while in the possession of the creditor.

Action [by A. Shuman, assignee, against Henry Fleckenstein] for money had and recovered to the use of the plaintiff under section 35 of the bankrupt act. [14 Stat. 534;] Rev. St. § 5128.

M. W. Fechheimer, for plaintiff.
Cyrus Dolph, for defendant.

DEADY, District Judge. This action is brought by the assignee of V. Schmidt, a bankrupt, under section 35 of the bankrupt act (section 5128, Rev. St.), to recover from the defendant the sum of $311, the alleged value of certain property transferred by said bankrupt to the defendant within two months prior to the filing of the petition against him in bankruptcy, contrary to the provisions of said section.

The defendant demurs, and for cause of demurrer assigns that the complaint does not allege a demand and refusal of the property, or any fact showing its conversion by the defendant. The only allegation in the complaint upon the subject of demand is, that the plaintiff, before the commencement of this action, "demanded the said sum of $311, the value of said property, from the defendant herein;" and that the defendant has "neglected and refused to pay the same or any part thereof to said plaintiff."

This, of course, is not a demand for the property and a refusal to deliver the same, but merely a demand and refusal to pay an arbitrary sum of money, which the plaintiff assumes is the value of the property.

In Brooke v. McCraken [Case No. 1,932], it was suggested by this court that a transfer of property contrary to section 35 of the bankrupt act, was not void as against the bankrupt, and that therefore the receipt of the property by the party taking the transfer was not tortious, and unless the subsequent detention became wrongful for some other reason, there must be a demand and refusal to make it so.

In Hyde v. Sime [unreported], Mr. Justice Hoffman held that a transfer by an insolvent debtor contrary to section 5128, supra, has "a contingent validity," because it can only be avoided by the commencement of pro-

ceedings in bankruptcy within a certain time thereafter, and therefore in case such transfer is made void by an adjudication in bankruptcy "the creditor who has received the goods cannot be considered a tort feasor until a demand has been made upon him by the assignee."

The right given to the assignee to "recover the property, or the value of it," is in effect a right to maintain replevin for the possession of the specific property or trover for the conversion of the same. When the property has been sold by the creditor for a certain sum of money, the assignee may doubtless adopt the sale, and sue for the amount realized therefrom, as for money had and received to his use.

The present action is substantially one of trover—in the nature of an action of trover—for the value of the property and proceeds, upon the theory that the defendant has wrongfully converted the same to his own use. "A conversion, in the sense of the law of trover, consists either in the appropriation of the thing to the party's own use and beneficial enjoyment, or its destruction, or in exercising dominion over it, in exclusion or defiance of the plaintiff's right, or in withholding the possession from the plaintiff under a claim of title inconsistent with his own." 2 Greenl. Ev. § 624.

Speaking of the action of trover, Chitty says (Chit. Pl. 170): "A demand and refusal are necessary in all cases when the defendant became, in the first instance, lawfully possessed of the goods, and the plaintiff is not prepared to prove some distinct, actual conversion;" and gives the following illustration, which seems to be exactly in point: "As when a trader, on the eve of his bankruptcy, made a collusive sale of his goods to the defendant, it was decided that the assignees could not maintain trover without proving a demand and refusal; for the parties contracting were competent at the time; and if the assignees disaffirm the contract, they should give notice by a demand,"—citing 2 H. Bl. 135, and other cases.

The original taking in this case being with the consent of the then owner, the bankrupt, and contingently valid, it was not tortious, and, therefore, does not amount to a conversion, and no subsequent distinct and actual conversion being shown, the plaintiff must allege and prove a demand and refusal before he can recover. Triscony v. Orr, 49 Cal. 617.

The demand and refusal alleged in the complaint is not of the goods, but their assumed value. Because the defendant refused to pay this sum, which may be twice what he believes the actual value of the goods to be, it does not follow that he refuses to deliver the same, or is not ready and willing to deliver them whenever duly demanded.

Counsel for the plaintiff, practically admitting that the assignee might have had the goods in question by demanding them, objects to this view of the law, that it will enable a creditor of an insolvent to receive goods from his debtor contrary to section 5128, supra, and to use them so as to make material gain out of them, or seriously depreciate their value, and then relieve himself from all liability by simply returning the depreciated or comparatively worthless articles to the assignee upon demand.

But I apprehend such a consequence will not follow. The assignee is as much entitled to recover damages for an injury to, or detention of, the goods as to recover the possession of them, and under the Code, as well as at common law, such damages may be recovered in the action to recover possession. 1 Chit. 186, 189; 2 Greenl. Ev. § 560; Civ. Code Or. § 91.

It is also objected by counsel for plaintiff that this is not an action of trover, but an action under the Code. An action under the Code is, in effect, an action upon the case; that is, the facts and circumstances of the transaction in question; and the action of trover and conversion was also originally nothing but an action on the case, the case being that the defendant had found goods, and refused to deliver them to the owner on demand. 1 Chit. 167.

While, then, this is not an action of trover eo nomine, it is such in substance and effect, and the cause of action attempted to be stated in the complaint is, in fact, identical with that upon which trover would lie at common law. A necessary element in the proof of this cause of action, where there was no actual conversion, was a demand and refusal of the property. According to the rule and theory of the Code, I think this necessary fact should be alleged in the complaint. See Brooke v. McCraken, supra, and authorities there cited. Section 5128, supra, does not give the assignee any additional or peculiar remedy in the premises. It provides, in effect, that a transfer of property contrary thereto shall be void, if the debtor is adjudged a bankrupt within a limited time thereafter. So far, the act annuls and confers rights which would not otherwise be affected or exist. But the additional clause, which declares that in that event "the assignee may recover the property or the value of it from the person so receiving it," is a mere legal conclusion from the premises, and does not restrict or enlarge the remedy of the assignee. Recover the property or its value, how? According to the procedure known to the forum in which the assignee elects to proceed.

Although the bankrupt act declares that the assignee may recover the property or its value, it is to be construed as giving a right to recover the latter, only as a substitute for the former in cases where the property has been destroyed or passed beyond the control of the creditor, or been constructively converted to his own use by a refusal to deliver the same upon the due demand of the assignee. In the latter case the assignee has the option to sue for the property or the value. But an

action to recover the value of property can only be maintained when the property itself has been actually or constructively converted to the use of the defendant, and the complainant must therefore allege a conversion in terms or its legal equivalent—a demand and refusal.

The demurrer is sustained.