[No. 2403]

## GUST RAHIS, RESPONDENT, *v.* NEIL McLEOD, SHERIFF OF LYON COUNTY, APPELLANT.

[204 Pac. 501]

1. REPLEVIN—NONCONFLICTING EVIDENCE HELD TO JUSTIFY FINDING FOR PLAINTIFF.

   In an action against the sheriff for possession of an automobile and damages for the detention, evidence including a showing without conflict that plaintiff had a purchase contract on the car and had the right to complete purchase when it was seized, and the bill of sale was made and delivered after seizure, *held* to justify a finding for plaintiff.

2. REPLEVIN—PARTY PURCHASING AUTOMOBILE ON CONTRACT AND HAVING RIGHT OF POSSESSION HELD ENTITLED TO SUE FOR RECOVERY.

   If plaintiff, seeking to recover an automobile seized by the sheriff as the property of another, had merely a contract for purchase from still another party with the right of possession, until such right was forfeited for noncompliance with the terms of the sale, it would be ample to sustain the action as against the defendant, in view of the further fact that prior to the bringing of the action the party to whom plaintiff had loaned or leased the automobile and for whose debt it was seized had failed to comply with the terms of his agreement, and his right to possession had been forfeited.

3. REPLEVIN — DAMAGES FOR DETENTION DATE FROM RIGHT TO POSSESSION.

   Where plaintiff was seeking recovery of an automobile and damages for its detention from a county sheriff who had seized it for the debt of one whom plaintiff was permitting to use it in a jitney business, and the user had violated his agreement, *held*, that plaintiff could recover damages for its detention only from the time he had declared the contract with the user forfeited.

APPEAL from the Eighth Judicial District Court, Lyon County; *T. C. Hart,* Judge.

Action by Gust Rahis against Neil McLeod, Sheriff of Lyon County. From a judgment for plaintiff and an order denying a new trial, the defendant appeals. **Affirmed.**

*J. Andrew Guttery,* for Appellant:

Replevin is strictly a proceeding at law; it cannot be invoked as an equitable suit for the rescission or cancelation of a contract. 34 Cyc. 354; Fredericks v. Tracy, 98 Cal. 658; Thompson v. Peck, 73 Pac. 843.

The lessor of personal property cannot maintain trespass or trover for the injury done to the property by a stranger during the term of the lease, and while the lessee is in actual possession of the property. Triscony v. Orr, 49 Cal. 612; Larney v. Mooney, 50 Cal. 610.

It being primarily a possessory action, replevin cannot be sustained for the purpose of trying the right to property. 34 Cyc. 354; Jenkins v. Ontario, 74 Pac. 466; La Vio v. Crosby, 74 Pac. 220.

In an action for the recovery of specific personal property, it is necessary for the plaintiff to show that he is entitled to the immediate possession. Hilger v. Edwards, 5 Nev. 85.

*Milton B. Badt* and *James Dysart,* for Respondent:

The authorities cited by appellant are not repugnant to the right of plaintiff to recover. "By this action (replevin) the law intends to give a complete remedy to the party entitled to possession, not only as to the property itself, but also in respect to damages which are the natural result of the wrongful act. *  *  *  The respondent was entitled to a judgment for the return, *  *  *  together with such damages as were necessary. *  *  *  If a return could not be had, she was entitled to judgment for the value, *  *  *  together with such damages as were necessary, with the value, to indemnify

her for all certain, actual losses sustained." Buckley v. Buckley, 12 Nev. 423.

By the Court, SANDERS, C. J.:

Respondent, plaintiff in the district court, instituted this action to recover the possession of a certain automobile and damages for the detention thereof. From a judgment in his favor and an order denying a motion for a new trial, the defendant has appealed.

On June 10, 1918, the defendant levied upon the automobile under an execution against one Haniotis, it being then used by him in the jitney business at Yerington, Nevada. This action was commenced on July 15, 1918, and on the same day, having given bond, plaintiff replevined the car and thereafter retained possession of it.

On the part of the plaintiff the undisputed evidence is that some time in March, 1918, he entered into negotiations at Elko, Nevada, with one Kilgore for the purchase of the automobile, paying in cash therefor the sum of $250, and agreeing to pay the balance at some subsequent time; that on June 5, 1918, Kilgore executed and delivered to plaintiff a bill of sale for the car; and that some time in April, 1918, plaintiff rented the car to Haniotis, the execution debtor, for a period of six months, at a daily rental of $5, with the understanding that Haniotis was to take it to Yerington and there use it in the jitney business.

The only evidence on the part of the defendant is the proof of levy under the execution against Haniotis.

The court found that the plaintiff was the owner and entitled to the possession of the car, and that the sheriff was in possession of the car under the execution for a period of thirty-seven days, and assessed plaintiff's damage at $185, being at the rate of $5 per day, the contract price between plaintiff and Haniotis.

1, 2. Appellant's theory is that the evidence fails to show that the respondent was in fact the owner of the car, but that Kilgore was the real owner, with the right

in the plaintiff to complete the purchase, and that the bill of sale was executed merely to lay the foundation for this action. We think the evidence amply justified the finding of the court. There is no conflict in the evidence, and we do not deem it necessary to review it. In any event, if plaintiff had merely a contract of purchase from Kilgore, with the right of possession until such right was forfeited for noncompliance with the terms of sale, such right would be ample to sustain this action as against the defendant, in view of the fact that for some time prior to the bringing of the action Haniotis had failed to comply with the terms of his agreement with plaintiff, and his right to the possession of the car was declared forfeited on July 15, the day upon which this action was instituted.

Under the contract between plaintiff and Haniotis, the latter was entitled to the possession of the car and liable to plaintiff for the daily rental thereof. The right so acquired by Haniotis remained in full force and effect until it was declared forfeited, which was on the day this action was instituted. The defendant took the car, not from the plaintiff, but from Haniotis, who was rightly in possession of it at that time, and who was entitled to the possession of it until July 15. Hence no right of the plaintiff was invaded or infringed by the defendant until the very day the car was replevined, which was immediately after the right of possession of Haniotis was terminated. The car being the property of the plaintiff, and the right of Haniotis to possession of it having been canceled before this action was brought, the plaintiff was entitled to judgment for the possession of the car.

3. But there could have been no liability on the part of the defendant for making the levy or holding the car pursuant thereto until the right of Haniotis to its possession had been canceled and knowledge thereof brought to defendant's attention. It is unquestionably the law that, where an officer holds an execution against a person, he may levy upon personal property in the

possession of such execution debtor who is the apparent owner thereof, where the officer has no actual knowledge that another person is the true owner. 35 Cyc. 1656. Public policy would justify no other rule. This being the law, no liability in the instant case on the part of appellant could have accrued until the right of Haniotis to the possession of the car was forfeited and appellant notified thereof. This view is not only sustained by sound reasoning, but by analogy finds support in the rule stated in Triscony v. Orr, 49 Cal. 612, as follows:

"It is well settled that a person having neither the possession nor the right to the possession of personal chattels cannot maintain trespass or trover for an injury done to the property."

In the instant case the plaintiff did not have the possession of the car, nor the right to the possession thereof, until on July 15 he declared the lease held by Haniotis forfeited.

For the reasons given, it is ordered that the trial court modify its judgment in accordance with the views expressed, and that, as so modified, the judgment appealed from be affirmed; appellant to recover his costs on this appeal.