GEORGE W. MOORE vs. HENRY JOYCE.

It is error to charge a jury that they have a right to presume that all the items of an account are correct, if the most of them have been positively proved.

The plaintiff must either prove his account by direct and positive proof, or show that he keeps correct books, and that his account has been correctly transcribed. This last is but circumstantial testimony. *Held*, that a party resorting to it must come within the rule established in *Simmons* v. *Means*, 8 S. & M. 397, and the case therein referred to.

In error from the circuit court of Harrison county; Hon. Wiley P. Harris, judge.

This case was submitted on brief of appellant, and the merits fully appear in the opinion of the court.

*R. Seal*, for appellant.

Mr. Justice FISHER delivered the opinion of the court.

This was an action of assumpsit in the circuit court of Harrison county by the defendant in error, upon an account for services rendered as a physician, and for medicines furnished to the plaintiff in error.

The error of the court is alleged to consist in the following charges, given to the jury on the motion of the plaintiff's counsel below.

1. That if the items of the account have been proved, it is not necessary to prove that the plaintiff kept correct books. This charge is undoubtedly correct.

2. That it was for the jury to say, whether the account of plaintiff has been proved or not, and that they have a right to presume that all the items are correct, if the most of them have been positively proved, or not as they shall see proper.

The first part of this charge, which merely submitted to the jury to decide upon the testimony before them, was correct as

a general rule; but it was clearly wrong to instruct the jury, that proof of most of the items in the account was sufficient.

It is only necessary to refer to the rule laid down by this court, in the case of *Simmons* v. *Means,* 8 S. & M. 397. The plaintiff must either prove his account by direct and positive proof, or show that he keeps correct books, and that his account has been correctly transcribed. This last is but circumstantial evidence, and a party resorting to it must come within the rule established in the above case, and the case therein referred to.

Judgment reversed; new trial granted.