W. T. RAWLEIGH CO. *v.* SCOTT *et al.*

(Division B.    March 4, 1929.)

[120 So. 834.    No. 27697.]

*A. T. L. Watkins,* for appellant.

*H. D. Young* and *Currie & Currie,* for appellees.

ETHRIDGE, P. J. The appellant was plaintiff in the court below, and filed its declaration setting forth that it was an Illinois corporation, and that it had entered into a contract dated January 2, 1926, with T. B. Scott, the buyer, whereby the plaintiff agreed to sell and deliver to the buyer, Scott, f. o. b. cars at Memphis, Tenn., or such other place as might be agreed upon, its wages, medicines, and products, at current wholesale prices, and the buyer agreed to pay any balance due by the seller to the plaintiff; the invoice prices subject to terms and conditions in said agreement. The contract is set out in the declaration, in which it is agreed that the seller agrees to sell and deliver to the buyer f. o. b. Memphis, Tenn., or any point agreed upon, such of its products as the buyer might order, on time, at wholesale prices, and also pay cash, etc. It is further agreed that the kind and quantity is to be optional, the buyer agreeing to pay for all goods purchased on contract, and pay any balance to the seller at the date of acceptance or renewal of contract for goods previously sold under all former contracts. It was further agreed that either party might terminate the contract by written notice at any time, and, when so terminated, all accounts between buyer and seller should become due and payable immediately, and that, if the contract was not terminated, it should expire on December 31, 1926, it being agreed that a new contract might be entered into for the succeeding year, but that the refusal or neglect of the buyer to furnish an acceptable contract should not in any way affect the payment of the account incurred hereunder. It was also agreed that, if the business relations should be terminated for any reason, the seller would purchase from the buyer at wholesale prices any merchantable products buyer should have

on hand (sample cases, auto bodies, and second-hand products excepted), provided the goods should be returned promptly by prepaid freight to the point designated by the seller, the buyer to pay the actual cost of receiving, overhauling, and inspecting same. It was further agreed that the buyer was not the agent or representative of the company for any purpose whatsoever, but was the sole owner and manager of his business, and he expressly reserved the exclusive right to determine the price, terms, and conditions upon which, and the places where, he would sell the merchandise he should buy; it being understood that, when the seller delivers the merchandise f. o. b. to buyer at point of shipment, the merchandise becomes the property of buyer, and the seller retains no title, right, or interest or control over said merchandise. It was further agreed that the seller had no territorial rights it could convey.

The defendant gave a guaranty bond to the plaintiff, with sureties for the faithful payment of the amounts due under the terms of the contract, and there was an itemized account attached to the declaration which was sworn to.

The defendant Scott pleaded the general issue, and then a special plea of recoupment, alleging that the plaintiff breached its contract with defendant on or about the 10th day of November, 1926, by refusing to fill the orders for goods purchased by the defendant; that the fall trade has just opened up, and there was a demand for the goods the defendant was handling, and the defendant was anxious to replenish his stock by making orders or placing orders for goods, and the plaintiff declined willfully to fill said orders, leaving defendant without goods to supply his trade; that the months of November and December were the best months of the entire year for selling his line; and that he had arranged to devote his entire time and attention to the selling of the Rawleigh Company's products, of which the plaintiff was well

aware, and willfully breached its contract with defendant by refusing to sell him any other goods, even though the plaintiff was under contract to sell and deliver such of its products as the defendant might want. It is further averred that, by reason of this willful breach of contract, defendant was unable to sell and deliver such orders as he could have filled had his orders to plaintiff been shipped, and by reason thereof defendant was damaged in a sum greater than that demanded by plaintiff, which said damage he sought by recoupment and set-off.

There was a demurrer filed to the plea of recoupment, one ground of which that it was not sufficient in law, being vague and indefinite, which demurrer was by the court overruled, and a motion made by the plaintiff to strike the plea from the files because it presented no defense, which motion was also overruled. The plaintiff declined to reply to the plea of recoupment, and the court rendered judgment for the defendant for want of traverse or reply to the plea of recoupment. The court refused to permit the plaintiff to introduce evidence in support of the claim because of the failure to deny or answer the plea of recoupment and from the judgment this appeal is prosecuted.

A careful study of the plea of recoupment shows that it presented no definite or traversible facts as to the nature, character, or extent of the damages occasioned by the breach of contract. There was nothing in the plea from which any definite fixed amount of damages from the breach of contract could be calculated. The allegation as to the months being the best for business, and that he would have made sales, is purely speculative in character. Certainly, the court could not calculate from this plea the extent of damages by reason of a breach of contract. The plea was indefinite and uncertain as to any specific sales the defendant had an opportunity to make, or as to what amount of sales, he had opportunity to make, and what his profits on such sales were. It is

impossible to determine with any certainty the extent of the defendant's damages. On this indefinite plea, the court could not say, as a matter of law, from the data set forth, that the defendant was damaged to the full extent of the claim of the plaintiff. The judgment will be reversed and the cause remanded.

*Reversed and remanded.*