W. T. Rawleigh Co. *v.* Scott *et al.*

(Division A.   Feb. 2, 1931.)

[132 So. 84.   No. 29184.]

A. T. L. Watkins, of New Augusta, for appellant.

Currie & Currie, of Hattiesburg, for appellees.

Argued orally by A. T. L. Watkins, for appellant.

McGowen, J., delivered the opinion of the court.

In an action at law, on a written contract of guaranty, the W. T. Rawleigh Company sued T. B. Scott, principal debtor, and H. B. Scott and W. P. Roberts, as guarantors in writing, on an indebtedness made by the principal to the appellant during the year 1926, in transactions involving the purchase and sale of dry goods between the principal and the appellant. On a former appeal of this case, found in 152 Miss. 704, 120 So. 834, the pleadings and nature of the action are fully set out. On the trial of the case, as submitted to the court, the issue was narrowed down to the question of the amount of the indebtedness as shown by the open account contended for by the appellant, and denied only so far as the final result is concerned by the plea of the general issue.

At the conclusion of the evidence, both sides asked for a peremptory instruction, which was refused by the court.

The evidence on the plea of recoupment, as amended, was excluded by the court, but the amendment did not materially change such plea as it stood when it was presented to this court on the former hearing; and the rule there applies here to the amended pleas of recoupment.

The only question in the case is whether or not the account sued on, and the items thereof were sufficiently established by the evidence in this case.

The depositions of Jackson and Gilbert, appellant's witnesses, were taken, and it was agreed that these

depositions should be introduced in evidence subject to objection as to their relevancy and competency. It was shown that the account, as presented, was correctly kept on the books of the appellant; that the said account was correctly transcribed; that the witnesses knew that the account was correct; and that all the credits to which the appellee was entitled had been entered thereon. There were scores of items charged and credited on the account. There was no cross-examination of these witnesses, nor was each item taken up in detail.

On June 30, 1926, a memorandum of T. B. Scott's account to that date was forwarded through the mail to him at his post office address, New Augusta, Mississippi, and subsequent to that date, in July, the account was returned to the appellant with the indorsement: ''I have examined the above statement of account and find the balance of five hundred seven dollars and forty-one cents to be the correct balance due the company at the close of business June 30, 1926, which balance I agree to pay according to the terms of my contract. [Signed] T. B. SCOTT, P. O. New Augusta, County Perry, State Miss.'' This statement was not itemized, but showed a memorandum of the debits and credits of the account for the month of June, beginning with a balance debit brought forward of four hundred forty-four dollars and fifty-nine cents. Subsequent to June 30th the account continued with items of debit and credit in which the former slightly exceeded the latter.

The appellee T. B. Scott was placed on the witness stand, and, in effect, said that he did not know whether or not the account was correct. He pointed out no items on the account as being incorrect, and he denied no item; nor did he know whether the correct credits had been entered on the account or not.

After the plaintiff, the appellant, had rested, appellee again took the stand, and counsel for the appellant finally succeeded in getting him to say, after repeated ques-

tions, that he did not owe the account. There was no plea of payment, and there was no evidence tending to show payment other than that shown on the account. Nor was there a denial of the account by him that in any wise affected the statements of appellant's witnesses that the account and the items constituting it were correct, due, and owing, and that the balance as shown on the account was correct. The admission of the appellee that he did not know whether or not the account was correct, his failure to point out any item, and his admission that he was constantly dealing with and purchasing from the appellant goods, did not constitute any evidence on which the jury were warranted in finding a verdict in favor of the appellees. When one admits the purchase of goods and the creation of an account, then refuses to deny the account, or any part of it, but rests content on a general denial stating that he does not owe anything, and refuses to point out why, and there is no plea of payment or evidence thereunder, there is no issue of fact to be submitted to the jury on the state of the record here. The verification of the account sued on and the affidavit in general denial were eliminated by the lower court, for the reason that the suit is not based upon an open account, but upon the written contract of guaranty, although it is necessary to prove the items of the accounts as to the measure of liability of the guarantors and of their principal.

We think the evidence in this case brings this case squarely within the rule announced by this court in Moore v. Joyce, 23 Miss. 584; Enc. of Ev., section d, page 158. In that case, this court laid down the rule, as shown by the syllabus sustained by the opinion: ''The plaintiff must either prove his account by direct and positive proof, or show that he keeps correct books, and that his account has been correctly transcribed. This last is but circumstantial testimony.''

It will be observed in the statement of facts that the greater portion of this account was absolutely proved by an account stated, and that, although Scott would not admit that he signed the acknowledgment of the correctness of the account stated, nowhere did he deny that he signed the said account. It was a stated account, the only evidence in the case being that the account of Scott with the appellant was correct, due, and owing, and that all credits had been placed thereon. There was no issue to submit to the jury, and the verdict for the appellees in this case rendered in the court below cannot be upheld. In this state of the record, the court should have granted the peremptory instruction asked for by the appellant, which was refused.

Reversed. and judgment here for appellant.