[Civ. No. 1537.    First Appellate District.—September 1, 1915.]

## W. W. COLQUHOUN, Respondent, v. THOMAS W. PACK et al., Appellants.

JUDGMENT—MOTION TO SET ASIDE DEFAULT—PARTNERSHIP—SERVICE OF SUMMONS—SUFFICIENCY OF.—A return of service of summons, in a suit against a partnership, showing service upon an individual defendant, although not affirmatively declaring that he was a member of the partnership and sued in that capacity, is sufficient upon which to base a default judgment against the partnership, where the complaint in the action, a copy of which was served with the summons upon said defendant, shows that he was sued individually, and alleges that he was a member of the partnership joined as defendant under the firm name.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a motion to set aside a default judgment.    E. P. Mogan, Judge.

The facts are stated in the opinion of the court.

H. L. Clayberg, Clark Clement, and Clayberg & Whitmore, for Appellants.

Joseph K. Hutchinson, and Walter Slack, for Respondent.

THE COURT.—This is an appeal from an order denying a motion to set aside a default judgment entered against the partnership defendant in the above entitled action. The ground of the motion was in effect that the copartnership de-

fendant had not been served with summons. The appeal comes here upon the judgment-roll in the action, and a duly authenticated record of the proceedings had upon the hearing and determination of the motion.

The motion was grounded, presented, and determined entirely upon the point that although the return of summons showed a service of process upon the defendant Thomas A. Pack, such return did not affirmatively declare that said Pack was a member of the copartnership and served in that capacity; and therefore, it is argued, that the return of service of summons was insufficient to warrant and support a default judgment against the copartnership defendant.

The complaint in the action, a copy of which was served with the summons upon the defendant Pack, shows that he was sued individually, and alleges that he was a member of the partnership joined as defendant under the firm name of "Thos. W. Pack, Henry E. Lee and T. O. Toland." Assuming the order in question to be appealable, we are satisfied that under the provisions of section 388 of the Code of Civil Procedure, and upon the authority of *Morrissey* v. *Gray*, 162 Cal. 638, [124 Pac. 246], the appellants' point as made in the lower court and as reiterated here, was and is without merit.

The order appealed from is affirmed.