[Civ. No. 2510.   Second Appellate District.—January 8, 1918.]

A. C. ZIERATH et al., as Trustees, etc., Petitioners, v. SUPERIOR COURT OF THE COUNTY OF LOS ANGELES et al., Respondents.

Pleading—Amendment of Complaint After Default—Service on Defaulting Defendant.—Where after the default of a defendant has been entered a complaint is amended in matter of substance as distinguished from mere matter of form, the amendment opens the default, and unless the amended pleading be served on the defaulting defendant, no judgment can properly be entered on the default.

Id. — Default upon Amended Complaint — Failure to Serve upon Defaulting Defendant — Jurisdiction to Set Aside. — Where a judgment is entered against a defaulting defendant upon an

amended complaint without service of such complaint upon him,
the court is without power to set aside the judgment on a motion
based entirely on the theory that the judgment was void for want
of jurisdiction, as the judgment, although erroneous, is one rendered
in the exercise of an established jurisdiction and can only be set
aside by a mode of procedure provided by law for the review of
such judgments.

APPLICATION for a Writ of Review originally made to the District Court of Appeal for the Second Appellate District to annul an order setting aside a default judgment.

The facts are stated in the opinion of the court.

Alfred H. McAdoo, and David E. Bergman, for Petitioners.

John E. Daly, and James H. Daly, for Respondents.

CONREY, P. J.—This is a proceeding by writ of review whereby petitioners are seeking to have annulled an order setting aside a default judgment entered against one A. B. Small in an action of *Zierath et al.* v. *Midway Southern Oil Company of Long Beach et al.*  In that action the plaintiffs, as judgment creditors of the corporation, sued to obtain judgment against stockholders for the amount due on said previous judgment, but not exceeding as to any stockholder the amount of his liability for the unpaid portion of the amount subscribed by him or by his predecessor in ownership of the stock as a subscribing purchaser of such stock.  An amended complaint was filed, in the ninth paragraph of which it was alleged that upon each of the shares of stock of said corporation there has been paid by the subscriber, owner, and holder thereof an amount equal to twenty cents and no more  per share; also that each of the defendant stockholders agreed with said corporation at the time when he subscribed to and became the owner and holder of the shares of stock charged to him in the complaint that he would pay the balance of the par value of said shares of stock so remaining unpaid to said corporation, or for its use, when legally called upon to so do. On March 1, 1915, the summons and a copy of this amended complaint were served upon the defendant A. B. Small, and his default for not appearing in the action was duly entered

on January 19, 1916. No judgment was entered against him, except as hereinafter stated. On November 17, 1916, an amended complaint was filed in two counts. The first count duplicated the allegations of the first amended complaint. The second count was a copy of the first count, except that it omitted the ninth paragraph and substituted therefor other allegations. These substituted allegations described certain transactions whereby all of the capital stock of the corporation, except five one-dollar shares theretofore issued, was originally issued to C. R. Faulstick as fully paid and non-assessable stock at the par value of one dollar per share; the defendants being transferees of portions of that stock. It was alleged that the stock was so issued in consideration of the transfer by Faulstick to the corporation of certain interests in real property; that said property was not at that time worth any sum substantially near the value at which it was received, and that neither Faulstick nor the directors of the company who consummated said transaction with him either knew, thought, or believed that said interests in real property had a market value of the sum of one million dollars, at which it was received, or a market value substantially near said sum. Further allegations were made tending to show that said transaction and the issuance of said stock for said insufficient consideration was intended to operate as a fraud upon future creditors of the corporation. The allegations of said substituted paragraph did not admit that the consideration paid to the corporation for said stock was equal in value to twenty cents per share of the stock or equal to any other specified sum.

The second amended complaint having been served upon some of the defendants, but not upon the defendant A. B. Small, and some of those defendants having answered, the case came on for trial and at the conclusion thereof findings were filed and judgment was entered against certain of the defendants named in the complaint. We may disregard the findings, as they would be surplusage so far as a defaulting defendant was concerned. The judgment recited that the summons and complaint and amended complaint were duly and regularly served upon the defendant A. B. Small and that his default had been duly and regularly entered. That this recital was not intended to assert that the second amended complaint was served upon Small is made clear by the fact that

other recitals of the judgment show that the second amended
complaint was served upon other defendants therein named.
It is conceded by petitioners herein that the second amended
complaint in that action was not served upon the defendant
A. B. Small. The judgment was entered on September 21,
1917. Thereafter, on October 23, 1917, notice was given on
behalf of A. B. Small and pursuant thereto a motion was duly
made for an order to vacate and set aside said judgment as to
the defendant A. B. Small. The motion was supported by an
affidavit, which we may disregard here, since the facts therein
stated, so far as necessary to be considered here, appear in the
judgment-roll. On November 16, 1917, the court entered a
minute order to the effect that said motion ''to vacate and set
aside judgment as to said defendant Small is by the court
granted.'' It is this order which the petitioners seek to have
reviewed and annulled.

Petitioners necessarily rely upon the proposition that the
order in question was in excess of the court's jurisdiction. If
in making said order the court acted in an unauthorized mode
and thereby exceeded the bounds of its power, its action may
be reviewed on *certiorari*. (*Carpenter* v. *Superior Court,* 75
Cal. 596, [19 Pac. 174].)

The judgment which said order purports to vacate could
not be vacated in response to such a motion as made in this
case, unless the judgment was one which the court did not
have power to render. This in turn depends upon the more
specific proposition that the court was without jurisdiction to
enter its judgment against the defendant A. B. Small (he
not having appeared in the action) without service upon him
of a copy of the second amended complaint. ''It is settled
by a long line of decisions that where, after the default of a
defendant has been entered, a complaint is amended in mat-
ter of substance as distinguished from mere matter of form,
the amendment opens the default, and unless the amended
pleading be served on the defaulting defendant, no judgment
can properly be entered on the default.'' (*Cole* v. *Roeb-
ling Construction Co.,* 156 Cal. 443, 446, [105 Pac. 255, 257].)
Petitioners herein contend that the second amended com-
plaint did not contain any amendment of a substantial nature
or which could in any manner affect the rights of the de-
fendant A. B. Small. We are referred to the cases of *R. H.
Herron Co.* v. *Shaw,* 165 Cal. 668, [Ann. Cas. 1915A, 1265,

133 Pac. 488], and *Harrison* v. *Armour,* 169 Cal. 787, [147 Pac. 1166]. These were actions similar to the action under consideration here. In *Harrison* v. *Armour* the shares of the corporation were one dollar each, and it was alleged that no more than twenty-five cents per share had been paid on the stock subscription. The court said (169 Cal. 792, [147 Pac. 1168]) that under the allegations of the complaint "it would have been open to the plaintiff to prove that the patent rights, although turned in at a valuation of sixty thousand dollars, were known or believed by the parties to be worth much less." So the petitioners argue here that the new matter contained in the second count of the second amended complaint consisted of nothing more than evidentiary matter which might have been proved under the allegations of the first amended complaint, which proof would have been for the purpose of showing that only twenty cents per share had been paid on account of the stock held by defendant A. B. Small. For reasons which will next appear we find it unnecessary to express an opinion upon this question.

If the second amended complaint differed from the first amended complaint only in matters of form not in substance affecting any right of the defendant A. B. Small, his default would not be opened by the filing of the last amended pleading. (*Cole* v. *Roebling Construction Co., supra; San Diego Savings Bank* v. *Goodsell,* 137 Cal. 420, 425, [70 Pac. 299]; *Woodward* v. *Brown,* 119 Cal. 283, 304, [63 Am. St. Rep. 108, 51 Pac. 2, 542].) In order to determine that the plaintiffs were entitled to judgment against defendant A. B. Small, it was necessary that the court consider the allegations of the amended complaint and of the second amended complaint and determine that the amendments were merely matters of form and not of substance. The court had jurisdiction of the subject matter, and by service of the summons and amended complaint it obtained jurisdiction over the defendant A. B. Small. It, therefore, had power to determine the effect of amendments to the pleadings and had jurisdiction to render judgment in accordance with such determination. If the judgment was based upon erroneous conclusions upon the questions thus presented, it was none the less a judgment rendered in the exercise of an established jurisdiction, and could not be set aside except by a mode of procedure provided by law for the review of such judgments. The judgment having

been one entered as upon a default, there could not have been a motion for a new trial, nor could there have been a motion for "another and different judgment" under the provisions of section 663 of the Code of Civil Procedure. The motion to vacate the judgment in question does not purport to have been made to obtain relief under section 473 of the Code of Civil Procedure. The motion was based and must have been granted entirely upon the theory that the judgment was void for want of jurisdiction in the court to render any judgment against the nonappearing defendant A. B. Small without service upon him of a copy of the second amended complaint. As we have seen, the court did have jurisdiction to render such judgment; this is so, even though it were conceded now that such action of the court was erroneous. It follows that the court was without jurisdiction to make the order which is here under review.

The order of the court below vacating its judgment against the defendant A. B. Small is annulled.

Works, J., *pro tem.*, and James, J., concurred.