[Civ. No. 10983. First Appellate District, Division Two.—March 6, 1939.]

ROSS C. BLEY, Respondent, v. H. W. DESSIN et al., Appellants.

[Civ. No. 10948. First Appellate District, Division Two.—March 6, 1939.]

HARRY W. DESSIN et al., Appellants, v. ROSS C. BLEY et al., Respondents.

E. C. Mahoney and Carl W. Anderson for Appellants.

F. E. Hoffmann and Francis Gill for Respondents.

STURTEVANT, J.—These are motions to dismiss appeals. After the transcripts had been filed in the above-entitled actions counsel entered into a stipulation that the two appeals could be consolidated and heard and determined as one appeal.

The motion in the first case involves the following facts: On December 4, 1934, the plaintiff filed a complaint asking a judgment for moneys claimed to be due by reason of the breach of certain contracts. The summons was served on H. W. Dessin and on W. J. Dessin. Later they appeared and filed demurrers to plaintiff's complaint. The demurrers were sustained and the plaintiff filed an amended complaint. The same defendants filed demurrers to the amended complaint, which were sustained and the plaintiff filed a second amended complaint. After that pleading had been filed the plaintiff filed with the clerk a request for a default, but the record does not show whether the clerk made the entry. Counsels' briefs assume that the entry was not made. Following the claims of counsel we will assume that such was the fact. Thereafter the attorney for the plaintiff applied to the court to enter the default of Dessin Brothers, a co-partnership, and as such named as one of the defendants by the plaintiff. That application was made in open court on October 24, 1935. On the same day the trial court made an order allowing the plaintiff to make an amendment on the

face of his complaint and then ordered judgment in favor of the plaintiff. Thereafter, on March 3, 1936, the plaintiff filed a formal judgment which recites the application of the plaintiff made in open court, that evidence both oral and documentary was taken, and then follows a formal judgment in favor of the plaintiff against Dessin Brothers, a copartnership, for $816.73. The summons was filed on January 21, 1935. Attached to it was a return in the form of an affidavit by M. F. Boland. That affidavit contains an allegation "that he personally served the within summons on the 4th day of December, 1934, on W. J. Dessin individually and as a partner of Dessin Brothers, a copartnership, and upon H. W. Dessin on the 5th day of December, 1934, individually and as a partner of Dessin Brothers, a copartnership, defendants herein named, by delivering to each of said defendants personally in the county of San Mateo a copy of said summons attached to a copy of the complaint in the action therein named". On the 11th day of June, 1938, Dessin Brothers served a notice that they would move "the said court to quash the service of summons, or purported service of summons heretofore made on Dessin Brothers designated ·in the above-entitled cause as Dessin Brothers, a copartnership, and upon H. W. Dessin and W. J. Dessin, doing business under the firm name and style of Dessin Brothers, designated in the above-entitled cause as Dessin Brothers, and to set aside and to vacate all proceedings herein based upon said purported service of summons, including the entry of default of Dessin Brothers, designated herein as Dessin Brothers, a copartnership, and judgment thereon, and said defendants will further move the court to recall and quash the writ of execution that has been issued on said judgment". That motion was denied on June 29, 1938, and a minute entry was made on that date. On July 1, 1938, a formal order to the same effect was signed by the trial judge and filed with the clerk. From that order Dessin Brothers, a copartnership, filed a notice of appeal on July 11, 1938. It is that appeal which the plaintiff has moved to dismiss as hereinabove stated.

The plaintiff contends that the appeal was taken too late. (Code Civ. Proc., sec. 939.) The defendants reply it is their contention that the judgment against the defendant

Dessin Brothers, a copartnership, was void and therefore they were entitled to make their motion at any time. As we understand them they do not contend that if the judgment was not void they have any legal defense to the motion now made by the plaintiff.

In contending that the judgment against Dessin Brothers was void the defendants make two separate claims. They point to the fact that the default of Dessin Brothers was not entered and that plaintiff's amended pleadings were not served on Dessin Brothers. In the second place they contend that Dessin Brothers, a copartnership, was never served with summons. We will take up the second contention first. The proof of service of the summons as recited above was an attempt, at least, to make an affidavit to the effect that such service was made. The statute authorizes the summons in such a case to be served on one or more of the partners. (Code Civ. Proc., sec. 388.) The statute defining how a summons may be served contains no specific method for serving a summons on a copartnership. But, having specified how a summons may be served on certain persons, natural or artificial, the last recital is that the summons may be served by delivering a copy thereof ''In all other cases to the defendant personally.'' (Code Civ. Proc., sec. 411, subd. 7.) We think the affidavit of Mr. Boland shows he acted in substantial compliance with the statute. If the language used by him in his affidavit was objectionable the return could, on a proper application, have been amended. (*Morrissey* v. *Gray,* 160 Cal. 390, 397 [117 Pac. 438].) A contention similar to that made by these defendants was before the court in the case of *Colquhoun* v. *Pack,* 28 Cal. App. 319 [152 Pac. 319]. The court dismissed the contention with the short statement that it was and is without merit.

Turning to the first contention made by the defendants the record disclosed that the trial court had jurisdiction of the subject-matter and as we have just shown it had jurisdiction of Dessin Brothers, a copartnership. Therefore it may not be said plaintiff's judgment was void. (*Gray* v. *Hall,* 203 Cal. 306, 313 [265 Pac. 246].) Through an abundance of precaution the plaintiff did not apply to the clerk to enter a default judgment against Dessin Brothers; but he applied to the court. (Code Civ. Proc., sec. 585, subd. 2.)

All of the records and files in the action were before the trial court. Before entering a default judgment against Dessin Brothers it was the duty of the trial court to examine the pleadings and ascertain if any of the amendments made by the plaintiff were amendments of substance which constituted a waiver of the default. In support of the judgment we must assume that it did so. The conclusion which it reached under these circumstances was within its jurisdiction and its judgment may not be said to be void. In *Zierath* v. *Superior Court*, 35 Cal. App. 788 [171 Pac. 112], the court was considering a similar question. In that case the trial court granted the motion, whereas in this case the motion was denied. In the Zierath case the plaintiff, being dissatisfied with the order made by the trial court vacating the default judgment, applied for a writ of review. In passing on the petition in the review proceedings the District Court of Appeal of the Second District held that the trial court exceeded its jurisdiction and the order vacating the default judgment was annulled.

The defendants do not call to our attention any other reason as supporting their contention that the default judgment was void. It is clear therefore that the order appealed from was not an appealable order. It follows that the motion to dismiss should be and it is hereby granted.

*Dessin et al.* v. *Bley et al.*

■　For an understanding of the motion presented by this appeal the following facts are pertinent. Some time prior to April 4, 1938, the exact date not appearing in the record, the plaintiffs commenced an action asking for an injunction to restrain the defendant Bley from enforcing a judgment, from selling any of the property levied on by his writ of execution based on said judgment, and that said judgment be vacated and annulled. The judgment so attacked is specifically set forth in the decision in *Bley* v. *Dessin et al.*, Civil No. 10983. The record does not set forth the original complaint, the amended complaint, the demurrers interposed or the orders made thereon. It does set forth the second amended complaint, the demurrer interposed thereto, and an order sustaining said demurrer without leave to amend. It also sets forth the judgment entered pursuant to said order. From that judgment the plaintiffs have appealed.

In their second amended complaint the plaintiffs recited consecutively the various pleadings filed, the motions and orders made, and the several steps taken in the said action *Bley* v. *Dessin et al.* Except as we will presently note, there is no single allegation in the pleading alleging any ground for equitable relief. After the answers of H. W. Dessin and W. J. Dessin had been filed said action was set for trial. From time to time the trial was reset. Having recited these facts the plaintiff alleged, "that on the 17th day of October, 1935, a minute order setting said cause for trial was made by the above-entitled court, setting said cause for trial on October 24; that said Mahoney, attorney for defendants Dessin therein and the plaintiffs herein, was engaged in trials in the city and county of San Francisco, and would not be released to try said action on the 24th day of October, 1935; that said Mahoney communicated said information to said Hoffmann, attorney for plaintiff Bley and defendant herein, and requested continuance of the trial of said cause to another date". There is no allegation that prior to October 24, 1935, any appearance had been made for Dessin Brothers, a copartnership. Mr. Mahoney had appeared for them as individuals and had filed answers. When, as alleged, Mr. Mahoney asked Mr. Hoffmann for a continuance of the trial, nothing to the contrary appearing, we must assume Mr. Mahoney was speaking for his clients as the record then stood, and that Mr. Hoffmann was speaking for his client as the record then stood. There is nothing purporting to be an allegation that Mr. Hoffmann made a promise to Mr. Mahoney which caused the latter to remain away from court and that he did so remain away from court. As Dessin Brothers, a copartnership, were in default, no duty devolved upon Mr. Hoffmann to advise Mr. Mahoney that he intended to apply to the court to enter the default of Dessin Brothers, a copartnership.

Conceding, without deciding, that plaintiff's second amended complaint alleged certain irregularities in the proceedings done, had, and taken in the first action, there is no allegation of any fact purporting to state any claim for equitable relief. In 15 Cal. Jur. at page 10, the author states: "Equity does not afford relief against a judgment except upon some established ground for equitable relief and

under circumstances otherwise justifying its interposition; and this is true even though the case was one over which equity had concurrent jurisdiction in the first instance. The plaintiff must make an affirmative showing of some equitable consideration or of some good reason sounding in public policy sufficient to justify the interference of equity.'' The subject was very fully considered in *Hogan* v. *Horsfall*, 91 Cal. App. 37, 41–43 [266 Pac. 1002]. It would be difficult to state the doctrine applicable in language that is clearer than the learned discussion written for the court by Mr. Presiding Justice Tyler in the cited case.

The plaintiffs make their motion to dismiss on the ground that a mere inspection of the transcript shows the question upon which the decision of the case depends is so unsubstantial as not to need further argument. (Rules for the Supreme Court and District Courts of Appeal, V, sec. 3.)

The defendants contend that in the action entitled *Bley* v. *Dessin et al.*, the clerk did not endorse on the complaint that the default of the defendants for not answering had been entered and therefore the judgment in said action was void. They next contend that the return of the summons in said action showed service thereof on the individuals and described them as partners of the copartnership against whom the default judgment was entered and that such return was insufficient to give the court jurisdiction over the copartnership. They then stress the fact that they alleged the judgment dated March 3, 1936, was void and therefore they were entitled to plead the fact and ask for relief in equity, and finally they contend that under the circumstances the demurrer should not have been sustained without leave to amend. If it be assumed that any one of these contentions had any merit the extent thereof was to constitute error, but such error was intrinsic and not extrinsic to the action entitled *Bley* v. *Dessin et al.*, and did not constitute grounds to support an action in equity to set aside the judgment therein. (*Hogan* v. *Horsfall, supra*.)

The motion to dismiss the appeal is granted.

Nourse, P. J., and Spence, J., concurred.