[Civ. No. 15509. First Dist., Div. Two. Sept. 3, 1953.]

RARDIN LOGGING COMPANY (a Corporation), Respondent, v. ALBA E. BULLOK et al., Defendants; O. O. BARKER, Appellant.

David B. Fyfe for Appellant.

Sefton & Anderson for Respondent.

DOOLING, J.—Defendant Barker appeals from an order denying his motion to set aside default judgment entered against him. The motion was based upon the ground that the judgment was void because the complaint had been amended before the entry of his default by the clerk and the subsequent rendition of the default judgment by the court and that the complaint as amended had not been served upon him.

The complaint was filed on July 17, 1950, and the return of service shows that the complaint and summons were served on appellant the same day. Appellant at no time filed any pleading.

It is shown by affidavit that on the hearing of the demurrer of another defendant the trial judge in open court ordered the complaint amended on its face in the manner hereafter shown. This was on September 8, 1950. Appellant's default was entered by the clerk on October 27, 1950. On November 1, 1950, the court heard evidence on behalf of the plaintiff and ordered the judgment against appellant which was filed two days later.

Two rules of law conjoin to bar appellant from the relief which he seeks.

1. If an amendment to a complaint is not in a matter of substance the default against a defendant is good even though he was not served with the amended complaint. (*Stack v. Welder*, 3 Cal.2d 71, 73 [43 P.2d 270] ; *San Diego Bank v. Goodsell*, 137 Cal. 420 [70 P. 299] ; *Woodward v. Brown*, 119 Cal. 283, 304 [51 P. 2, 542, 63 Am.St.Rep. 108] ; *Zierath v. Claggett*, 46 Cal.App. 15, 23 [188 P. 837] ; *cf. Donovan v. Superior Court*, 39 Cal.2d 848, 852 [250 P.2d 246] ; *Drotleff v. Renshaw*, 34 Cal.2d 176, 181-182 [208 P.2d 969] ; *Supreme Grand Lodge v. Smith*, 7 Cal.2d 510, 514 [61 P.2d 449].)

The complaint charged that plaintiff was engaged in logging operations, that in December, 1949, plaintiff had logging agreements with appellant Barker and others for the purchase of all merchantable timber on certain lands in the approximate amount of 35 million board feet and had established logging operations for the purpose of logging said timber ; that defendants Bullok, individually and doing business as Matolle Lumber Company, had contracted to buy from plaintiff all timber delivered to their mill ; that the defendants conspired together to destroy plaintiff's business and to secure the cancellation and termination of its logging and milling agreements by inducing certain of its creditors to repossess equipment, by inducing certain of its employees to bring criminal charges against it for labor claims, by inducing other creditors to demand immediate payment and to refuse to extend further credit, by withholding from plaintiff monies due it. and by wrongfully inducing parties with whom plaintff had logging contracts to cancel said contracts. The complaint further alleges that by reason of the foregoing acts and conduct of defendants plaintiff was unable to continue its logging contracts under said logging agreements and said agreements were thereupon cancelled and terminated. The complaint then continues with the following allegations in which we have emphasized the words added by amendment :

"That thereafter defendants, Alba E. Bullok and Carl Bullok individually and doing business as Matolle Lumber Company, entered into a logging agreement with the said Hattie Bomsel covering the same timber as was contained in her agreement with plaintiff; that thereafter O. O. Barker, W. L. Jaggers and Howard Martin and others entered into logging contracts with the purchasers; *covering the same timber as was contained in their agreements with plaintiff.*"

From the above recital it is clear that the cause of action was complete when as a culmination of their alleged conspiracy the various defendants cancelled and terminated their contracts with plaintiff. The fact that they afterwards entered into contracts with one another covering the same timber might have evidentiary value in proof of the charge of conspiracy, but the cause of action does not depend on this subsequent conduct, the damages claimed are not enhanced thereby, and the amendment for that reason cannot properly be said to be one of substance.

■ 2. The default judgment having been entered by the court, and not by the clerk, was not void even though the amendment be considered one of substance. Where the court renders a default judgment after an amendment to the complaint which has not been served on the defendant, it has jurisdiction to determine whether or not the matter added by the amendment is matter of substance. Its determination of that question even though erroneous does not render its judgment void. (*Bley* v. *Dessin,* 31 Cal.App.2d 338, 341-342 [87 P.2d 889] ; *Zierath* v. *Superior Court,* 35 Cal.App. 788 [171 P. 112].)

Order affirmed.

Nourse, P. J., and McComb, J.,* concurred.

---

*Assigned by Chairman of Judicial Council.