[Civ. No. 8355.   Third Dist.   May 19, 1954.]

STOCKTON UNIFIED SCHOOL DISTRICT OF SAN
JOAQUIN COUNTY, Respondent, v. MARIA TRUCCO
et al., Appellants.

Jones, Lane, Weaver & Daley for Appellants.

Frederick L. Felton, County Counsel, and Richard W. Dickenson, Assistant County Counsel, for Respondent.

VAN DYKE, P. J.—This is an appeal from a judgment rendered in a condemnation proceeding. The respondent is a school district and for its purposes as such it sought to condemn property belonging to the appellants. It filed its complaint in condemnation on February 1, 1952, and on the same day recorded notice of action pending. Summons was issued February 6th and promptly served on the named defendants. The complaint, the summons and the lis pendens were in the usual and proper form. The complaint alleged that by the action it was sought to condemn for school purposes a described tract of land which we shall hereafter call "Parcel 'A' ''; that appellants, naming them, constituted the persons who claimed an interest in said parcel; that defendants Doe One to Doe One Hundred each claimed to have an interest in the parcel, their true names being unknown to the condemnor; that the condemnor sought to condemn a fee simple title in the property. After the service of summons upon them appellants conveyed a portion of Parcel A to Faith Evangelical Lutheran Church, sued in the action as Doe Nine. The deed was recorded April 23, 1952. We shall refer to the parcel transferred by appellants to the church as Parcel B. On June 11th following, the church filed its answer, setting up its title to Parcel B. Appellants did not answer and on May 2, 1952, condemnor demanded that their defaults be entered, which action was taken by the clerk on May 6th. Previous to the demand, however, and on April 25th there was served upon appellants the respondent's notice of intention to enter default unless they appeared in the action. Appellants made no response. The cause came on for trial on August 14, 1952, between the respondent and the church, no other parties having appeared. On that day the complaint was amended, the amendment alleging that after the filing of the original complaint, and on April 23, 1952, there had been recorded in the county recorder's office a

deed dated February 11, 1952, wherein appellants conveyed to the church Parcel B, being a portion of the property sought to be condemned according to the description contained in the original complaint. It was further alleged that respondent had determined that it would consent to the retention by the church of a portion of said Parcel B and that the property which was sought to be condemned would then consist of Parcel A, less that portion of Parcel B so relinquished. The amended complaint was not served on appellants. On August 15th the court filed its findings of fact and conclusions of law which recited that the cause had come on for trial on the day previous between the church and respondent, there being no other defendants who had appeared; that the appellants had been regularly served with summons and complaint and had failed to answer the same and that their defaults had been regularly entered. It was further recited that evidence had been taken by the court and the court found as follows: That the property being condemned was taken for a public use; that by the aforesaid amendment respondent had abandoned its condemnation of a portion of Parcel B originally proposed to be condemned and described in the original complaint; that the taking in condemnation of the remaining property was necessary for said use; that the church had acquired the portion of Parcel B sought to be condemned by a deed recorded April 23, 1952; that the appellants were the owners in fee of all the property sought to be condemned save and except that portion which they had conveyed by deed to the church; that the value of the property rights of appellants sought to be condemned was $15,800; that the value of the church property sought to be condemned was $1,200. On September 4th following, a final order of condemnation was entered. This appeal followed. The church did not appeal.

Appellants contend that respondent had amended its original complaint in matter of substance affecting the interests of the appellants; that the making of the amendment opened their defaults and that it was error for the court to proceed in the action as it did without requiring that the amended pleading be first so served. They further contend that reversible error was committed in that the court failed to ascertain and separately assess severance damages, the property of appellants condemned having constituted part of a larger parcel.

■ Treating the second contention first, it may be briefly disposed of. Error must be made to appear and will not be assumed. Nothing in the record appears which affords any inference that severance damages were suffered. The mere fact that the parcel condemned was part of a larger parcel does not come to the aid of appellants, for benefit to the parcel not taken is just as inconsistent with the situation presented on the appeal as is detriment thereto. The fact that the court did not separately find that detriment had been caused and fix the amount thereof is consistent with a consideration by the court of the issue of severance damages and the conclusion by the court that no such damages had been suffered. This contention of error, therefore, cannot be sustained.

■ We think it unnecessary that we follow appellants in their contentions concerning the substantiality of the amendment, or that we should rule thereon. For it is quite apparent from all that appellants say and from all that the record discloses that if error there was it was error in procedure which would not invalidate the judgment appealed from as being one rendered without or in excess of jurisdiction. (*Zierath* v. *Superior Court*, 35 Cal.App. 788 [171 P. 112]; *Bley* v. *Dessin*, 31 Cal.App.2d 338 [87 P.2d 889].) And, further, in the absence of even a suggestion that appellants have been injured by the error, this court could not reverse for such procedural error in view of the constitutional mandate contained in section 4½ of article VI, commanding that no judgment be set aside for any error as to any matter of procedure unless the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice. (*Vallejo & N. R. Co.* v. *Reed Orchard Co.*, 169 Cal. 545, 558 [147 P. 238].) ■ Considering the situation as presented by the record when the original complaint was filed, the appellants owned the parcel sought to be condemned—Parcel A. Served with summons and complaint and copy of lis pendens they, nevertheless, proceeded to convey Parcel B to the church. They would have had, therefore, no moral or legal right to receive compensation for more than the part of Parcel A which remained in their ownership and this compensation was awarded to them by the judgment. At no time did they elect to appear and present evidence to the trial court as to the value of their property or as to any severance damage which they might have contended would result from the taking of the part condemned from that which remained in their ownership. Their defaults were not hastily entered.

Indeed, an unusually long period was accorded to them had they desired to litigate the issues as to the amount of compensation which should be paid them and those defaults were finally entered only after written notice served upon them that they would be so entered unless an appearance was promptly made. Nowhere do they contend on this appeal that the findings of the trial court as to their having conveyed Parcel B after this action was begun was not a finding of the truth; and the briefs they filed do not purport to contend that they had not so conveyed Parcel B. On the contrary those briefs assume the fact of such transfer. The relinquishment of a part of Tract B to the church was not, therefore, a matter which was injurious to them and they do not argue that it was. It results, therefore, that their only complaint of injuries must be based upon this proposition: That the making of the amendments would have offered them a second opportunity to appear and present evidence as to the value of the property remaining in their ownership had the amendments been served upon them, an opportunity which had been fully extended to them and which they had stubbornly refused to use. ■ The reason for the rule requiring service of amendments is that a defendant having by default admitted the allegations of the complaint has submitted to a judgment consonant therewith but no more. The plaintiff cannot by amendment unserved enlarge his remedy. The vital question, therefore, is, does the amendment permit such enlargement—and has detriment followed. The law is not concerned with a second chance for the defaulting defendant to contest issues he failed to contest and which were tendered by the first pleading.

■ In their briefs the appellants specifically urge as a reason why they should have been permitted after amendment to appear in the action that they lost the opportunity to contest what they say was a new issue injected by the amendment, namely, the fact, validity and circumstances of the "alleged conveyance" to the church. Acting in what perhaps was an excess of caution, this court, on its own motion, ordered a reference to be made to the judge who heard this case in the trial court to afford appellants an opportunity to make a showing that there was some materiality to this complaint. The report of the referee has been filed with this court and it appears therefrom that the opportunity was thus afforded and that appellants appeared before the referee. At that hearing it was stipulated that the conveyance had been

made, was valid and, therefore, that they no longer had any interest in the parcel they had thus deeded away. At the hearing, however, they did introduce evidence that the conveyance was made at the suggestion of a deputy district attorney of San Joaquin County before the condemnation suit was filed, the suggestion being that the appellants establish the value of their property by making a sale of a portion of the property which at that time the school district was intending to condemn. Their evidence further showed that such a sale was made to the church at a price considerably more than the acreage value set by the trial court at the trial of the action. This makes it apparent that it was not concerning issues introduced by the amendment with which appellants were concerned, but with the issue of value of the property which was an issue tendered by the original pleading. Appellants were represented by counsel for a substantial period of time before their defaults were entered and surely must have known that if they did not appear and present evidence to the trial court as to the value of their holdings that court would be compelled to rely upon such evidence as their adversaries chose to present. Summing up, the record shows that the amendment of the complaint was a purely fortuitous circumstance which the appellants here wish to seize on in order that they may obtain a retrial of the issue of value. Upon such a record the judgment ought not to be set aside.

The judgment, therefore, is affirmed.

Peek, J., and Schottky, J., concurred.