[Civ. No. 24924.   Second Dist., Div. One.   Apr. 6, 1961.]

J. P. BUTLER, Respondent, v. ROMA-LIND, INC. (a Corporation), Appellant.

Paul Caruso for Appellant.

Paris & Paris and Bette S. Paris for Respondent.

WOOD, P. J.—Appeal by defendant Roma-Lind, Inc., from an order denying its motioin to set aside a default judgment.

The default of defendant Roma-Lind, Inc., a California corporation, was entered on August 20, 1959. Judgment upon such default was entered on March 15, 1960. Said defendant's notice of motion to vacate the default judgment was filed on April 29, 1960. The motion was heard and denied on May 13, 1960.

The complaint alleged that the plaintiff was the owner and operator of a duly licensed collection agency; that on or about June 26, 1958, the defendants entered into a written agreement with Columbia Broadcasting System, Inc., whereby Columbia agreed to furnish to defendants broadcast time with a contract balance due of $6,337.40, and that "a copy of

said agreement is attached hereto [to the complaint] and made a part hereof, marked Exhibit 'A' ''; that Columbia's claim was assigned to plaintiff; that the unpaid balance due on the agreement is $6,337.40. The prayer of the complaint was for $6,337.40, with interest at 7 per cent per annum from June 26, 1958, and for costs.

Defendant Schooler answered the complaint, denying generally the allegations thereof. At the trial of the issues, as between plaintiff and Schooler, counsel for Schooler made a motion to exclude all evidence on the ground that the complaint fails to allege facts sufficient to constitute a cause of action. In his argument with reference to that motion he said that the complaint alleges that the parties entered into a contract on June 26, 1958, and he also said that Exhibit A attached to the complaint ''shows a contract dated January 22, 1958.'' Exhibit A consists of 21 sheets of paper, and on each sheet there is writing indicating that each sheet is a certain numbered page of Exhibit A. (Each page is a photostatic copy.) Counsel for Schooler referred to the last page of Exhibit A (i.e., p. 21) which states at the top thereof, ''Network Television Facilities Amendment.'' That purported amendment bears the date June 26, 1958, but there is no signature thereon. Thereupon, counsel for plaintiff said that the allegation that the agreement was made on June 26, 1958, was a ''typographical error'' and it should read January 22, 1958, instead of June 26, 1958. The motion of defendant Schooler to exclude evidence was denied. Counsel for plaintiff made a motion to correct the error (as to the alleged date of the agreement)—to read January 22, 1958, instead of June 26, 1958. The motion was granted. The trial judge (Judge Irwin) said that ''it is rather obvious that it is a typographical error . . . the contract attached to the complaint discloses that the true date of the contract was January 22, so it can't be anything else but an obvious typographical error.'' Counsel for defendant Schooler stipulated that $6,337.40 has not been paid by Schooler to Columbia Broadcasting System, and that amount is due, owing and unpaid. Then the trial judge proceeded with the proof regarding the judgment to be rendered upon the default. Mr. Huffman, a salesman employed by Columbia Broadcasting System, was called as a witness by plaintiff and he testified regarding the making of the contract on or about January 22, 1958. Thereupon (on February 26, 1960) the judge said that judgment would be for plaintiff as prayed for. Judgment was

entered on March 15, 1960, for plaintiff against defendants Roma-Lind, Inc., a California corporation, and Harry Schooler, individually, and doing business as Harry Schooler Sales Advertising in the principal amount of $6,337.40, with interest from June 26, 1958, and for costs.

██ Appellant Roma-Lind, Inc., contends that the default and default judgment were not valid for the reason that Roma-Lind, Inc., was not a party to the contract. Appellant asserts further that "all transactions that have transpired have been directed by the personal, not corporate, entity of Miss Roma Lind"; that evidence that all transactions were conducted with "the personal Roma Lind" is the contract of January 22, 1958, where the signature of Roma Lind is not on behalf of a corporation by the name of Roma-Lind, Inc.; that if there had been any transaction with Roma-Lind, Inc., it would seem reasonable that such an indication would have been made in the contracts. The complaint alleged that the defendants entered into the contract. One of the named defendants was Roma-Lind, Inc., a California corporation. The name "Roma Lind" was signed at the end of the contract of January 22, 1958—at a place thereon provided for signatures of the parties (on page 11 of Exhibit A of the complaint). Also, the name of defendant Schooler appears there as a signature. On page 12 of said Exhibit A there is a one-page document which is designated at the top thereof, "Network Television Facilities Amendment." That document recites, among other things, that it is an agreement made on March 4, 1958, amending the agreement dated January 22, 1958. The name "Roma-Lind" appears in the body of that amendment. In handwriting at the end of that amendment, at the place provided for signature, are the words, "Roma Lind, Inc. by Roma Lind." Also, the name of defendant Schooler appears there as a signature. It thus appears that a transaction involving the amendment of the January 22, 1958, contract, did include the name "Roma Lind, Inc." Two typewritten letters which are a part of Exhibit A and which were written by Columbia were addressed to Schooler as follows: "c/o Roma Lind, Inc. 1705 North Kenmore, Hollywood, California." (Another part of Exhibit A of the complaint is a document consisting of five pages—pages 12 to 19 inclusive—which purports to be a proposed agreement of April 14, 1958. That document was not signed by any one. Proposed amendments of that pro-

posed agreement bear the dates June 17, 1958, and June 26, 1958, but neither of the proposed amendments was signed by any one.) Defendant Roma-Lind, Inc., although duly served with summons and complaint did not appear and deny the allegation of the complaint to the effect that it was one of the defendants that entered into the contract. There was a sufficient showing that Roma-Lind, Inc., was a party to the contract.

Appellant also contends that the amendment of the complaint created a new cause of action and opened the default, and that the default entry and default judgment were void. A question arises as to whether the complaint was amended in a matter of substance. The complaint alleged that the parties entered into an agreement on June 26, 1958, and that a copy of the agreement was attached to the complaint and marked "Exhibit A." The first page of that exhibit states that it is an agreement made on January 22, 1958. That agreement, consisting of twelve pages, was signed. The amendment of that agreement, made on March 4, 1958, consisting of one page, was signed. The purported agreement of June 26, 1958, consisting of one page, was a proposed amendment of a proposed agreement of April 14, 1958, but neither that proposed amendment nor the proposed agreement was signed. It is apparent that there was no agreement of June 26, 1958. The allegation of the complaint to the effect that a copy of the agreement was attached to the complaint as Exhibit A shows that the agreement referred to was the agreement of January 22, 1958. The trial judge, who rendered judgment upon the default, decided that the date of June 26, 1958, appearing in the complaint, was obviously a typographical error and that Exhibit A of the complaint discloses that the true date was January 22, 1958. █ The complaint was not amended in a matter of substance. Even if the amendment had been one of substance, the default judgment which was entered by the court was not void. In *Rardin Logging Co.* v. *Bullok*, 120 Cal.App.2d 67 [260 P.2d 81], it was said at page 69: "The default judgment having been entered by the court, and not by the clerk, was not void even though the amendment be considered one of substance. Where the court renders a default judgment after an amendment to the complaint which has not been served on the defendant, it has jurisdiction to determine whether or not the matter added by the amendment is matter of substance. Its determination of that question even though erroneous does not

render its judgment void." (See also *Wyoming Pacific Oil Co.* v. *Preston,* 171 Cal.App.2d 735, 748-749 [341 P.2d 732].)

Furthermore, it is to be noted that the motion herein to vacate the default judgment did not include a motion to vacate the default. The default had been entered more than eight months before the notice of motion to vacate default judgment was filed. Even if the default judgment were vacated, the entry of default would remain effective.

The order is affirmed.

Fourt, J., and Lillie, J., concurred.