[Civ. No. 1213.    Second Appellate District.—February 8, 1913.]

## CHARLES BEAUMONT, Respondent, v. MIDWAY PROVIDENT OIL COMPANY (a Corporation), Appellant.

JUDGMENT—ENTRY FOR AMOUNT ADMITTED AS DUE—PRESUMPTION AS TO REGULARITY OF ENTRY—APPEAL.—A judgment entered in an action to recover an indebtedness for an amount admitted by the answer to be due, and to the entry of which the clerk certifies, will be presumed on appeal to have been regularly entered, notwithstanding it contains a recital that the plaintiff had directed the judgment to be entered for the admitted amount. If such judgment could only be entered for the admitted amount upon order of court, it must be presumed that it was so entered.

ID.—ORDER REFUSING TO VACATE JUDGMENT—TIME FOR APPEAL.—An appeal from an order denying a motion to vacate a judgment on the ground that it was void on its face, must be taken within sixty days after the order is made and entered, otherwise it will be dismissed.

ID.—RENEWAL OF MOTION TO VACATE—ADDITIONAL EVIDENCE—DENIAL
OF SECOND MOTION.—Where an application to vacate a judgment is
denied, a subsequent motion to the same effect, setting up further
evidence in its support, is also properly denied, when no showing is
made why the additional evidence was not offered at the time of
the hearing of the first motion.

APPEALS from orders of the Superior Court of Kern
County refusing to vacate a judgment.   J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

H. M. Barstow, and William Ellis Lady, for Appellant.

James W. Bell, and Bell & Ingalls, for Respondent.

JAMES, J.—This action was brought by plaintiff to re-
cover the sum of $473.25 alleged to be due for services per-
formed for the defendant, and the additional sum of one
hundred dollars alleged to be a reasonable amount to be al-
lowed as an attorney's fee in the action.   The complaint con-
tained no allegation showing that defendant had contracted
to pay any attorney's fee in the action.   An answer was
filed which admitted the principal indebtedness of $473.25
alleged to be due, but denied that any sum was a reason-
able fee or should be allowed as an attorney's fee.   There-
after judgment was entered for the amount admitted to be
due, no allowance being included in the judgment on account
of the attorney's fee claimed.   It was recited in the judgment
that the plaintiff had directed the judgment to be entered
for the admitted amount, and the formal judgment, as shown
by the printed roll, bore the signatures of attorneys for plain-
tiff.   The clerk, however, certified that the judgment set forth
was a true copy of that entered in the action.   About thirty
days after the judgment was entered the defendant moved to
set it aside on the ground that it was void upon its face, and
on the ground that the county clerk was not authorized to
enter the same.   This motion was heard by the court and
denied.   More than a month later defendant again appeared
and asked leave to renew the motion made to vacate the judg-
ment and offered in support of the application an affidavit
of the clerk in which it was recited that the judgment as

21 Cal. App.—9

entered was entered upon the direction of attorneys for plaintiff and without an order of court being first had and obtained. The court denied defendant's application to present a second time the motion to vacate the judgment. This appeal was then taken, the notice of appeal reciting that both the order denying the motion to vacate the judgment and the order denying the application of defendant to renew the same, were appealed from.

The judgment as entered was not void upon its face. The clerk certified that it was entered in the action, and we must presume that it was regularly entered, no recitation therein appearing to the contrary. If judgment for the amount admitted to be due could only be entered upon order of the court, then we must presume that it was so entered in the regular way. The first order, that denying the motion to vacate the judgment, was made on the twenty-eighth day of February, 1912, and the notice of appeal was served on the twenty-fifth day of May, 1912. The appeal from this order, if regular otherwise, was taken too late, as more than sixty days had elapsed from the date of the ruling complained of. (Code Civ. Proc., sec. 939.) Defendant in support of the first motion relied wholly on its assumption that the judgment was shown to be void on its face and offered no proof showing that it was entered by the clerk without the order of the judge. In its application made a month later, in support of which it for the first time offered the affidavit of the clerk, there was shown no good reason why the motion should be permitted to be renewed, or why the same proof then offered could not have been offered at the time of the hearing of the first motion. For this reason alone the court properly denied the application to renew the motion. There is a further and conclusive answer to be made to the argument of counsel for defendant, and that is that the record of all of the proceedings had upon the hearing of the motions referred to is not authenticated in such a way as to entitle such record to be used at the hearing of this appeal. There was no appeal from the judgment and there was no bill of exceptions settled in the manner prescribed by the code, in which might have been incorporated the record which is attempted to be presented in the printed transcript. We have shown, however, that even though such record did regularly and properly present for

our notice the proceedings had in the superior court, defendant's appeal would lack a showing of merit.

The appeal from the order made on the twenty-eighth day of February, 1912, denying defendant's motion to vacate the judgment, is dismissed. The order of the court as made on the twenty-sixth day of March, 1912, denying the application of defendant to renew the motion to vacate the judgment, is affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 10, 1913.