[L. A. No. 8752. In Bank.—April 18, 1927.]

## ANNA M. GOMES, Respondent, v. H. H. BRAGG, Appellant.

[1] CONTRACTS—EXCHANGE OF PROPERTY—SPECIFIC PERFORMANCE—JUDGMENT.—In a suit for the specific performance of a contract to exchange real properties, where the findings of fact and conclusions of law declare that the defendant wrongfully breached the contract and the plaintiff is entitled to a deed to the property upon his depositing with the clerk a deed to the property which he had agreed to convey to the defendant, the failure or silence of the judgment to decree the execution by the plaintiff to the defendant of a deed of plaintiff's property does not necessitate or warrant a reversal of the judgment.

[2] APPEAL—AUTHORITY ON.—Upon an appeal the court may affirm, reverse, or modify any judgment or order appealed from and may direct a proper judgment or order to be entered.

2. See 2 Cal. Jur. 969.

[3] DEFAULT—MOTION TO SET ASIDE—DISCRETION. — A motion to set aside a default is addressed to the sound discretion of the trial court, and in the absence of a clear showing of abuse in the exercise thereof, an appellate court will not disturb the order of the trial court.

[4] ID.—CONFLICTING AFFIDAVITS.—Upon a motion to set aside a default, the decision of the lower court is conclusive on appeal in so far as the affidavits used on the motion are in conflict.

(1) 4 C. J., p. 1153, n. 46.   (2) 4 C. J., p. 1153, n. 48.   (3) 4 C. J., p. 840, n. 33.   (4) 4 C. J., p. 845, n. 87.

APPEAL from a judgment of the Superior Court of Los Angeles County and order refusing to set aside and vacate defendant's default. Elliot Craig and Hugh J. Crawford, Judges. Judgment affirmed as modified; order affirmed.

The facts are stated in the opinion of the court.

Hugh A. McNary for Appellant.

C. H. Johnson and H. J. Brady for Respondent.

THE COURT.—This is an appeal by the defendant from a judgment entered by the superior court of Los Angeles County and from an order refusing to set aside and vacate the defendant's default. The action was instituted to secure the specific performance of a contract for the exchange of real properties. It is alleged in the complaint that the parties to the action executed on October 2, 1924, a contract in writing whereby the plaintiff agreed to convey to the defendant certain real property, particularly described, situate in this state, and the defendant agreed to convey to the plaintiff in exchange therefor certain particularly described real property, situate in the state of Montana. There is also an allegation that the defendant refused and failed to comply with the terms and provisions of said contract. Personal service of summons was had upon the defendant. Thereafter and upon the expiration of the statutory period the defendant's default was duly

3. See 14 Cal. Jur. 1072.

entered. In its findings of fact and conclusions of law the trial court declared that the defendant had wrongfully breached the written agreement of the parties and that the plaintiff was entitled to a deed of conveyance covering the Montana property ''upon depositing with the clerk of this court a deed to the property in San Bernardino County, California.'' Judgment was thereupon entered decreeing that the defendant execute and deliver to the clerk of the court for the plaintiff a deed covering the Montana property. Thereafter and upon the denial of a motion to vacate and set aside his default the defendant prosecuted this appeal from the judgment and order. The appeal was placed upon a special calendar of this court upon an order to the respondent to show cause why said judgment and order should not be reversed, or that such order be made as might be meet in the premises. At the time of the placing of the cause upon said calendar, and the entry of the order to show cause, it appeared that the appellant's brief had been filed herein but that no brief had been filed on behalf of the respondent, although the time for the filing of such brief under the rules of this court had long since expired. The order to show cause was thereafter submitted upon the calling of said special calendar.

[1] As ground for reversal of the judgment the appellant urges that said judgment is inconsistent with and unsupported by the complaint and findings of fact, and that it is invalid in that it does not fully adjudicate the mutual rights and liabilities of the parties. This contention is bottomed upon the assertion that the judgment should have decreed, in conformity with the terms of the contract, that each party execute in favor of the other a deed of conveyance covering his or her respective property as described in the contract. In our opinion the failure or silence of the judgment to decree the execution by the respondent to the appellant of a deed to the California property does not necessitate or warrant a reversal of the judgment. The findings of fact and conclusions of law, as above indicated, provide for the mutual execution and delivery by the parties of deeds to their respective described properties. [2] Section 53 of the Code of Civil Procedure provides that on appeal the court may ''affirm, reverse, or modify any judgment or order appealed from and may direct the proper

judgment or order to be entered. . . . '' The judgment appealed from is therefore modified by adding thereto immediately preceding paragraph ''2nd'' thereof the following: ''The delivery of said deed to the plaintiff being conditioned upon her executing in favor of the defendant, H. H. Bragg, as grantee, and depositing with the clerk of this court a deed in and to that real property situate in San Bernardino County, California, described as follows, to wit: The east half of lot 507 according to the map showing subdivisions of lands belonging to the Semi-Tropic Land and Water Company, as per plat recorded in book 11, page 12 of maps, records of said county.''

This brings us to a consideration of the appeal from the order refusing to vacate and set aside the appellant's default. The recent case of *Waybright* v. *Anderson,* 200 Cal. 374 [253 Pac. 148], announces the principles of law governing such appeals. [3] It is there held that a motion to set aside a default is addressed to the sound discretion of the trial court, and in the absence of a clear showing of abuse in the exercise thereof an appellate court will not disturb the order of the court below. There has been no showing herein that the trial court abused its discretion in denying the appellant's motion to be relieved from default. [4] Moreover, it is indicated in *Waybright* v. *Anderson,* *supra,* that the decision of the lower court is conclusive on appeal in so far as the affidavits used on said motion are in conflict. An inspection of the record in the instant case discloses a sharp conflict in the affidavits filed. In view of these conflicting affidavits and in the absence of abuse in the exercise of its discretion the order of the trial court denying the motion to be relieved from default must be affirmed.

The judgment appealed from is affirmed as modified, with directions to the court below to amend the same as herein indicated. The order appealed from is also affirmed.