[Civ. No. 5345.   Third Appellate District.—September 6, 1935.]

HELENA J. STAHLER, Respondent, v. SEABOARD MORTGAGE CORPORATION (a Corporation) et al., Defendants; MAURINE WISSMATH, Appellant.

Arthur J. Wissmath for Appellant.

Robert Mitchell for Respondent.

MONCUR, J., *pro tem.*—This is an appeal from an order of the trial court denying a motion by defendant and appellant Maurine Wissmath to vacate and set aside a judgment entered against her, which motion was based upon the grounds that the service of summons and complaint in said action was false and that no service whatever had been made upon her of the summons and complaint in said action; also extrinsic fraud alleged to have been practiced upon the court and that the court had no jurisdiction to render the judgment and decree against the defendant as hereinafter mentioned.

It appears from the record that on September 16, 1926, defendant Seaboard Corporation executed a note in the sum of $3,250 to plaintiff, payable three years after date, with the usual conditions for the payment of interest. Contemporaneous with the execution of said note there was also exe-

cuted by defendant Seaboard Mortgage Corporation a mortgage to secure the payment of said note, which mortgage was recorded September 17, 1926, in the records of Los Angeles County; that by written instrument dated April 23, 1930, and recorded June 28, 1930, in the official records of Los Angeles County, it was agreed by and between plaintiff and Seaboard Mortgage Corporation that the time of payment of said note and mortgage be extended to three years from September 16, 1929. It further appears that by deed dated July 22, 1932, and recorded July 23, 1932, executed by defendant Seaboard Mortgage Corporation, the property described in said mortgage was transferred to defendant and appellant Maurine Wissmath, who, at the time of the filing of the complaint, it is alleged was the record owner of said property.

Default being made in the payment of interest and in the payment of taxes upon the mortgaged property, plaintiff commenced this action to foreclose the mortgage against the defendant Seaboard Mortgage Corporation, Maurine Wissmath, Arthur J. Wissmath, and fictitiously named defendants. The defendant corporation appeared in the action, but its only allegation of denial which is material to the matter herein is that it alleges that defendant corporation admits that Maurine Wissmath is the owner of the property mentioned in plaintiff's complaint.

The return of the summons shows that defendants, except those fictitiously named, were served as follows: Seaboard Mortgage Corporation, August 3, 1932; Maurine Wissmath, Los Angeles, August 3, 1932; Arthur J. Wissmath, August 3, 1932; the affidavit of service is made by one W. E. Malott. Default of defendants Maurine Wissmath and Arthur J. Wissmath for failure to appear was entered on August 15, 1932.

Decree of foreclosure was made and entered upon the complaint of plaintiff and of defaulting defendants September 22, 1932. By motion dated March 2, 1933, defendant Maurine Wissmath moved the court to quash the service of summons, to set aside the judgment of default, and to vacate and set aside the judgment and decree rendered against her by the court in said action upon the grounds hereinbefore stated. This motion was heard upon affidavits and upon oral testimony.

From the affidavits submitted it appears that there was a clear conflict of evidence as to whether the moving defendant Maurine Wissmath was served with summons in the foreclosure action and had notice of the pendency of said action. The trial court heard and considered the affidavits and the evidence, and under well-settled principles of law which have been so repeatedly announced by the appellate courts of this state, it is deemed that no citations of authority are necessary to show that where the trial court has heard the evidence where there are conflicts and has weighed the testimony and determined the weight of the evidence, it is not the province of the appellate courts to go beyond the conclusion reached by the trial court.

A reading of the record in this case discloses to our minds that there is no merit in this appeal.

It is ordered that the order denying the motion appealed from be and the same is hereby affirmed.

Thompson, J., and Pullen, P. J., concurred.