[Civ. No. 19838.   Second Dist., Div. Two.   Feb. 18, 1954.]

C. DANIELS, Respondent, v. ROY W. PITMAN, Appellant.

Samuel A. Rosenthal and Norman Warren Alschuler for Appellant.

Jacob Paull for Respondent.

McCOMB, J.—Defendant appeals from orders denying (1) his motion to set aside a default judgment pursuant to the provisions of section 473 of the Code of Civil Procedure, and (2) his motion to reconsider the previous order.

*Facts*: Plaintiff commenced an action to recover the sum of $4,000 representing a balance of defendant's indebtedness of $7,000 to plaintiff's assignor which was evidenced by a writing executed by defendant.

The case was originally set for trial July 27, 1951, but due to the fact that certain depositions had not been returned it was ordered off calendar.

April 1, 1952, the commissioner appointed to take the depositions wrote a letter to the attorney of record for defendant enclosing copies of the interrogatories and cross-interrogatories put to the witnesses, and advising him that the original interrogatories had been transmitted to the clerk of the court. Thereupon plaintiff made a motion to have the case restored to the trial calendar and an order was entered setting the trial for July 31, 1952.

Notice of motion to restore the case to the calendar was mailed to the attorney of record for defendant enclosed in an envelope containing plaintiff's attorney's return address. The same was never returned to plaintiff's attorney by the post office department. On April 17, 1952, plaintiff's attorney received a telephone call from a woman who represented that she was Mrs. Rollinson, the wife of defendant's attorney. She stated that her husband was due to come out of the hospital in about a week, and that it would take a little time for his recovery, and on that basis requested a continuance of the hearing of the motion to restore the case to the calendar. Plaintiff's attorney advised her that since the case would be set for trial for sometime in the future no purpose would be served in continuing the hearing; that after the trial date had been set, notice of trial would be mailed to the attorney for defendant and if for any reason his health would not permit his trying the case on that date, plaintiff's attorney would be willing to discuss with him a continuance of the trial.

On April 10, 1952, in addition to mailing to the attorney for defendant a copy of the notice of motion to restore the case to the calendar, there was mailed under separate cover a copy of a notice to produce. This document was never returned by the post office department to plaintiff's attorney.

April 18, 1952, a written notice of trial, indicating the case had been reset for trial on July 31, 1952, was mailed to the attorney for defendant at his office address enclosed in an envelope which bore the return address of plaintiff's attorney. This document was not returned to the attorney for plaintiff by the post office department, nor did plaintiff's attorney hear from defendant or his attorney between April 18, 1952, and the time that a default judgment was rendered against defendant on July 31, 1952.

It likewise appears that on or about March 12, 1952, defendant visited the attorney for plaintiff without any prior notice, representing that he was visiting such attorney with the

knowledge and acquiescence of his own counsel. Defendant stated that the purpose of his visit was to ascertain the address of plaintiff's assignor, since he was desirous of discussing with the assignor a business deal similar to the one which resulted in his executing the written acknowledgment of indebtedness for $7,000, and that by such meeting he could in all probability work out a solution to the satisfaction of all persons concerned. The attorney for plaintiff referred defendant to the attorney for plaintiff's assignors from whom he might obtain the address he desired and stated to defendant that he doubted that any business transaction could be consummated with plaintiff's assignor in view of the pendency of the present action, and that if defendant desired to enter into any further negotiations he would first have to make a disposition of the pending action. He further advised defendant that in spite of the fact he was contemplating contacting plaintiff's assignor he would proceed with the pending action as soon as the depositions were received, and that, in all probability, based upon a motion which would then have to be made to restore the case to the calendar, the trial would probably take place sometime in June or July of 1952.

On August 8, 1952, a copy of the memorandum of costs and disbursements together with a copy of notice of entry of judgment were mailed to the attorney for defendant in an envelope which bore plaintiff's attorney's return address. This envelope was not returned by the post office department. Defendant admitted that he had learned of the judgment on or about August 20, 1952.

Defendant's original motion was based upon two grounds: 1. Mistake, inadvertence, surprise and excusable neglect; and 2. Extrinsic fraud of plaintiff and plaintiff's attorney.

No facts were shown to establish any fraud. Therefore we need not consider the correctness of the court's ruling as to the second ground. We, of course, must disregard any statements in defendant's affidavits contradictory of those of plaintiff's affidavit, since, when there is substantial conflict in the facts presented by affidavits, the determination of the controverted facts by the trial court will not be disturbed on appeal. (*Baratti* v. *Baratti,* 109 Cal.App.2d 917, 922 [12] [242 P.2d 22]; *Reeves* v. *Reeves,* 34 Cal.2d 355, 360 et seq. [209 P.2d 937].)

We are thus presented with this sole question:

*Under the foregoing facts did the trial court abuse its*

*discretion in denying defendant's motions to set aside the
default judgment entered against him?*

No. ▆ Mr. Justice Traynor, in *Coyne* v. *Krempels,*
36 Cal.2d 257, 263 [8] [223 P.2d 244], thus accurately states
the rule: "A motion for relief under section 473 is addressed
to the sound discretion of the trial court and in the absence
of a clear showing of abuse thereof the exercise of that
discretion will not be disturbed on appeal."

▆ It is likewise settled that in the exercise of its dis-
cretion under section 473 of the Code of Civil Procedure, in
setting aside a default judgment, it should appear that some-
thing more than mere inadvertence or neglect without reason-
able excuse or justification existed, and that the inadvertence
or neglect in question is not the result of mere forgetfulness
or neglect but is based on other circumstances which would
make the neglect excusable. In the instant case the above
facts are supported by affidavits in opposition to defendant's
motions and such facts do not show any *excusable* mistake, sur-
prise or neglect. Therefore the trial court did not abuse its dis-
cretion in concluding that no proper showing of inadvertence
or excusable neglect had been made.

The orders are and each is affirmed.

Moore, P. J., and Fox, J., concurred.