[Civ. No. 4982.   Fourth Dist.   Mar. 23, 1956.]

MARGARET GOODRICH et al., Appellants, v. TULARE ICE COMPANY et al., Respondents.

OLIVER EARL BRYANT et al., Appellants, v. TULARE ICE COMPANY et al., Respondents.

Lane Williams for Appellants.

Crowe, Mitchell & Hurlbutt for Respondents.

MUSSELL, J.—These are actions for the alleged wrongful deaths of Wiley S. Bryant and Nancy M. Bryant, who were killed in a collision between a car in which they were riding and an ice truck driven by Leonard D. Brownlee, an employee of defendant ice company. The actions were tried in the superior court in Tulare County in October, 1953, and a jury returned a verdict in favor of the defendants in both actions. Plaintiffs appealed from the judgments thereupon entered and said judgments were affirmed on appeal by this court on May 27, 1954, in *Bryant* v. *Tulare Ice Co.*, 125 Cal.App.2d 566 [270 P.2d 880]. On January 3, 1955, appellants filed in the superior court a notice of motion to vacate and set aside the judgments on the ground of extrinsic fraud, in that the plaintiffs were prevented from fully "exhibiting" their case by the actions of the defendants in causing the absence of a material and necessary witness at the trial. Plaintiffs here appeal from the order denying said motion.

The notice of motion contained the statement that it would be supported by the attached affidavits of James F. Reese and Lane Williams and by oral evidence to be introduced at the hearing thereon.

Reese stated in his affidavit that he was one of the attorneys for the plaintiffs; that on or about October 26, 1953, he contacted one George L. Jones in his garage in Tulare; that Jones stated he had examined the truck involved after the accident; that there was nothing at all wrong with the front wheel assembly and that he could find nothing out of order with it; that a subpoena was served on Jones but he failed to appear at the trial; that he searched for Jones for about one and one-half hours but was unable to find him.

Lane Williams stated in his affidavit that he was with Reese when Jones was interviewed and heard Jones state that he had inspected the front end assembly of the truck and had found nothing wrong with it; that it was also understood that Leonard D. Brownlee had stated in the presence of Jones and others that he and his boy friend, who was with him at the

time of the collision, had a bee in a cup of ice while they were driving along the highway prior to the collision; that after the trials were concluded, affiant felt that the circumstances surrounding the absence of witness Jones should be investigated but that he did not wish to jeopardize plaintiffs' right to appeal and therefore delayed such investigation until such appellate procedure was exhausted; that further delay was due to the fact that Mr. Reese had not been available to secure his affidavit.

On January 17, 1955, plaintiffs' motions were heard and Jones was called as a witness for the plaintiffs. He was questioned by plaintiffs' counsel as to his residence and occupation and the service of the subpoena upon him, but was not asked why he did not appear at the trial or whether he had heard the defendant Leonard Brownlee make any statements after the accident, or whether he, Jones, had made any statements relative to the condition of the truck.

An investigator for the plaintiffs testified that during September, 1954, he questioned Jones as to his reasons for not appearing as a witness. Counsel for defendants objected to the introduction of statements made by Brownlee to Jones on the ground that such statements, if any, were hearsay. The objection was sustained and plaintiffs then made an offer of proof, after which the court declined to change its ruling. Plaintiffs' counsel then suggested a continuance to secure the presentation of the defendant at the hearing and apparently this motion was denied.

The evidence presented at the hearing on the motion to vacate the judgments reasonably supports the inference and the implied findings of the court that plaintiffs failed to establish extrinsic fraud or that the plaintiffs were prevented from fully exhibiting their case by the acts or conduct of the defendants. Under such circumstances we cannot interfere with the orders from which this appeal is taken. The weight and sufficiency of the evidence, the construction to be put upon it and the inferences to be drawn therefrom were matters for the trier of the facts. (*Dillard* v. *McKnight*, 34 Cal.2d 209, 223 [209 P.2d 387, 11 A.L.R.2d 835] ; *Berniker* v. *Berniker*, 30 Cal.2d 439, 444 [182 P.2d 557].) And, as is said in *Farmers Auto etc. Exch.* v. *Calkins*, 39 Cal.App.2d 390, 393 [103 P.2d 230] :

"There is strong presumption of innocence of fraud and the burden of proving these allegations rested heavily on the plaintiff. As was said in *Everett* v. *Standard Acc. Ins. Co.*, 45

Cal.App. 332 [187 P. 996]: 'The presumption is always against fraud. This presumption approximates in strength that of innocence of crime. (*Truett* v. *Onderdonk*, 120 Cal. 581, 588 [53 P. 26].) One who seeks relief from fraud must allege it and prove it by clear and satisfactory evidence. A mere suspicion of fraud is not sufficient.' "

We find no error in the exclusion of the testimony of plaintiffs' investigator. ■ The basis of the hearsay rule is stated in 19 California Jurisprudence 2d, section 379, page 111, as follows:

"*Basis of Rule.* The exclusion of hearsay evidence is based on the principle that a litigant in a court of justice has a right to have the witness whose statement is introduced face him in court so that his veracity may be tested by cross-examination under the sanction of an oath, and on the common experience of mankind as to the unreliability of relating by one person of statements made to him by another. To these reasons may be added considerations of public interest and convenience, the avoidance of unnecessary expense and vexation which the adverse party must incur to rebut or explain such evidence, with inevitable consumption of time, the multiplication of collateral issues for decision by the jury, and the danger of losing sight of the main question and of the justice of the case."

■ Under the rule announced, evidence of the investigator as to statements made by Jones (who was not a party to the action) as to what was said by Brownlee on another occasion was hearsay. Jones was present in court and was not questioned as to such statements, if any.

Appellants' argument that they were prevented from fully "exhibiting" their case by defendants is without merit. When Jones did not appear at the trial after having been served with a subpoena, counsel for plaintiffs made no motion for a continuance of the trial or request for a bench warrant. Admittedly, plaintiffs delayed investigation of the reasons for the failure of Jones to appear until long after an appeal was taken from the judgment.

In *Godfrey* v. *Godfrey*, 30 Cal.App.2d 370, 379 [86 P.2d 357], it is said:

"When the alleged fraud or coercion is of such nature that it may reasonably be presented to the court at the trial so as to afford full and fair protection to the rights of the interested parties and they fail or neglect to avail themselves of that

228

opportunity, a court of equity will not disturb the judgment rendered under such circumstances, but will leave the parties in the position in which they placed themselves. (*Hendricks* v. *Hendricks*, 216 Cal. 321 [14 P.2d 83] ; *Estate of Bell*, 153 Cal. 331 [95 P. 372] ; *Short* v. *Short*, 106 Cal.App. 210 [288 P. 1111] ; 9 Cal.Jur. 751, sec. 104; 25 Cal.Law Rev. 79.) ''

The record does not show that Jones was prevented from attending the trial by reason of the acts or conduct of defendants and the reasons for his nonattendance were not established.

The order is affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied April 18, 1956, and appellants' petition for a hearing by the Supreme Court was denied May 15, 1956.