[Civ. No. 23554.  Second Dist., Div. One.  July 7, 1959.]

WYOMING PACIFIC OIL COMPANY (a Corporation), Respondent, v. EDWARD J. PRESTON, Appellant.

738

Milo V. Olson for Appellant.

Nicholas & Mack, Henry C. Clausen and Richard G. Burns for Respondent.

FOURT, J.—A complaint was filed in this case on December 15, 1952. On February 3, 1955, the plaintiff's then attorney, Mr. Reiter, personally served a copy of the summons and complaint on the defendant and appellant Preston. The defendant did not make an appearance within the time prescribed. An attorney, William J. Hyland III, representing the defendant, talked to the attorney for the plaintiff with reference to a demurrer to the complaint, and later advised the

attorney for the plaintiff that he was not retained to represent the defendant. The default of the defendant was entered on March 16, 1955.

Later, a copy of an answer prepared by Hyland was delivered to Reiter as attorney for the plaintiff, however such answer was never filed. Hyland asked Reiter to stipulate to set aside the default. Reiter wrote to his client concerning the matter, and shortly thereafter additional counsel were substituted as attorneys for the plaintiff. Hyland made no motion under Code of Civil Procedure, section 473, on behalf of the defendant within the six months' period to vacate and set aside the default.

A judgment by court after default was signed and filed on November 19, 1957. That judgment set forth in part as follows:

"The defendant Edward J. Preston having been regularly served with process, having failed to appear and answer the plaintiff's complaint filed herein, and the default of said defendant having been duly entered; and evidence having been introduced and the Court having found that said defendant, by false and fraudulent pretenses and false and fraudulent representations, obtained property from plaintiff and otherwise violated his fiduciary obligations to plaintiff as a joint venturer, and an accounting having been duly taken in open session of this Court:

"It is therefore ORDERED, ADJUDGED AND DECREED that plaintiff recover of and from said defendant Edward J. Preston the sum of Six Million One Hundred Eighty-five Thousand Dollars together with interest on said judgment as provided by law.

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"Done in open Court, this 19th day of November, 1957.

"Bayard Rhone
"Judge of the Superior Court"

On March 31, 1958, there was filed a special appearance of the appellant to set aside the default and judgment upon the grounds that the judgment was void, that the court had no jurisdiction of the persons of the defendant and appellant by reason of nonservice of summons or copy of summons on the appellant. The motion last referred to was placed on calendar and was heard on April 28, 29 and 30, 1958, before Judge Emil Gumpert, who listened to the testimony of nine witnesses and to the arguments of counsel, and then determined, in

effect, that the defendant's contentions were false, and stated at the end of the hearing:

"I am completely satisfied, gentlemen, that the moving party has not met the burden of proof. As I indicated yesterday, I am convinced almost to the point of demonstration that the summons was attached, and that summons was served, ..."

The motion was denied on April 30, 1958.

Appellant has now appealed from that order. In his brief he states, in substance, that because of the unsatisfactory testimony which was presented at the hearing before Judge Gumpert, it is most improbable that a reversal of the orders made by him could be secured. No arguments or citations of authority are presented to this court with reference to the appeal from such order.

On May 9, 1958, there was filed by the appellant a notice of motion to vacate the default judgment and the default. It was set forth in this notice of motion that such motion would be made upon the following grounds:

1. The judgment was obtained as a result of fraud or imposition upon the court by plaintiff;

2. The judgment is void because the relief, that is, judgment for $6,185,000, exceeds the demand contained in the prayer of the complaint;

3. No accounting was had or necessary;

4. The complaint was amended in matters of substance after the default of defendant Preston was entered and, as a matter of law, the default was therefore opened, and as no copy of the complaint as changed or amended was ever served on defendant Preston, the court had no right or jurisdiction to enter a judgment thereon against defendant Preston or, in the alternative;

5. In the event the complaint was in fact so changed or amended before defendant Preston was served, then because a true copy of the complaint that was on file was never served on defendant Preston, the court never attained jurisdiction over defendant Preston;

6. The plaintiff, through its controlling stockholder and president, waived any right to any relief on the complaint because of the material alterations made on the complaint in which a judgment in effect in her favor was entered. Because of the criminal nature of said acts, as a matter of public policy, plaintiff, that is, Mrs. Kathryn Mau, president and controlling stockholder and owner of said corporation, is not entitled to any benefit therefrom;

7. The delay and negligence was not truly that of defendant Preston but of his attorney, William John Hyland III;

8. Defendant Preston has a meritorious defense and, as the law favors a trial on the merits, under the circumstances of this case the order of the trial court should be reversed with directions permitting defendant Preston to file his answer, a copy of which was tendered with his motion to vacate.

The motions were heard before Judge Kauffman on May 16, 1958. No oral testimony was introduced, but many conflicting affidavits and other evidence were presented. On June 4, 1958, each of such motions was denied. The appellant appeals from such orders and indicates in his brief that these are the orders from which he is "basically appealing." Appellant urges the same grounds on appeal as asserted before Judge Kauffman, heretofore set forth.

■ This court must keep in mind that there are some well-settled rules which must be followed in cases such as this one, namely, (1) when conflicting evidence is presented at a hearing of a motion to set aside a judgment, the weight and sufficiency of the evidence, its construction and the inferences to be drawn therefrom are for the trier of facts (see *Gomes* v. *Bragg,* 201 Cal. 70 [255 P. 499]; *Pacific Tel. & Tel. Co.* v. *Fink,* 141 Cal.App.2d 332 [296 P.2d 843]; *Goodrich* v. *Tulare Ice Co.,* 140 Cal.App.2d 224 [294 P.2d 1037]; *Stahler* v. *Seaboard Mortgage Corp.,* 9 Cal.App.2d 115 [48 P.2d 993]; *Cole* v. *Roebling Construction Co.,* 156 Cal. 443 [105 P. 255]); ■ (2) that a motion to set aside a default judgment is addressed to the sound discretion of the trial court, and this court should not disturb the order of the trial court in the absence of a clear showing of abuse (*Gomes* v. *Bragg, supra*; *Coyne* v. *Krempels,* 36 Cal.2d 257 [223 P.2d 244]; *Daniels* v. *Pitman,* 123 Cal.App.2d 345 [266 P.2d 820]); ■ (3) that relief may not be granted under section 473, Code of Civil Procedure, after the expiration of six months from the date of entry of default. The time does not run from the date of the judgment (see *Solot* v. *Linch,* 46 Cal.2d 99 [292 P.2d 887]; *Monica* v. *Oliveira,* 147 Cal.App.2d 275 [305 P.2d 169]; *Castagnoli* v. *Castagnoli,* 124 Cal.App.2d 39 [268 P.2d 37]; *Jones* v. *Evarts,* 114 Cal.App.2d 496 [250 P.2d 671]); ■ (4) that when the time for vacating the default has passed, any effort to vacate the default judgment is an idle act, and will be reversed on appeal (*Title Insurance etc. Co.* v. *King etc. Co.,* 162 Cal. 44 [120 P. 1066]; *Howard Greer etc.*

*Originals* v. *Capritti*, 35 Cal.2d 886 [221 P.2d 937] ; *Macbeth* v. *Macbeth*, 219 Cal. 47 [25 P.2d 11] ; *Monica* v. *Oliveira, supra*, 147 Cal.App.2d 275; *Cumberpatch* v. *Nolan*, 125 Cal.App.2d 205, 207 [270 P.2d 540, 271 P.2d 519] ; *City of Pacific Grove* v. *Hamilton*, 100 Cal.App.2d 508, 511 [224 P.2d 19] ; *Brooks* v. *Nelson*, 95 Cal.App. 144 [272 P. 610]).

▮ Also it is true that where the moving party has made written and oral motions to vacate before two judges, the second judge is justified in denying the second motion, where no showing is made as to why such matters were not presented on the first application, assuming the matters in the second motion were known to the petitioner at the time of the making of the motion to the first judge. (See *Beaumont* v. *Midway Provident Oil Co.*, 21 Cal.App. 128 [131 P. 106] ; *Corcoran* v. *City of Los Angeles*, 153 Cal.App.2d 852, 857 [315 P.2d 439] ; *Muller* v. *Muller*, 141 Cal.App.2d 722, 731 [297 P.2d 789] ; Code Civ. Proc., § 1008.)

With particular reference to the orders made by Judge Gumpert, the appellant, as heretofore stated, has made no showing on this appeal why the orders should be reversed.

▮ It was a question of fact whether the defendant and appellant was served with the summons and complaint (*Hunter* v. *Bryant*, 98 Cal. 247, 250 [33 P. 51]), and the finding by Judge Gumpert, upon ample and sufficient evidence, was against the defendant and for the plaintiff as to such matters. A reading of the record shows that Preston repeatedly contradicted himself, and Judge Gumpert could well have disbelieved defendant's testimony when he stated, in effect, that he was not properly served.

Considering next the contention of the appellant on the appeal from the orders of Judge Kauffman, appellant asserts that when the matter came on for hearing before Judge Rhone on November 19, 1957, there was introduced into evidence a copy of a judgment in an action brought in 1949 in the United States District Court in Salt Lake City, Utah, titled *Wyoming Pacific Oil Co.* v. *Seaton Prince, Trustee, and Continental Oil Company*. The appellant here was not a party to the federal court action. The appellant states that the federal court judgment was introduced to establish certain facts (among others, that the plaintiff had no remaining interest in the property in question), but that the judgment alone did not disclose all of the facts and findings as to why the plaintiff did not prevail in that particular action, and that because the plain-

tiff in the present case did not introduce into evidence a copy of the findings of the federal court or a copy of the complaint in that action, a fraud was imposed upon the court presided over by Judge Rhone, and that the facts in the findings of the federal case would have led Judge Rhone to make a different decision.

Appellant asserts that when a motion is made under section 473, Code of Civil Procedure, it is immaterial whether the fraud be extrinsic or intrinsic, and cites as authority for his position the following cases: *Security-First National Bank* v. *Hauer,* 47 Cal.App.2d 302, 306 [117 P.2d 952]; *Rice* v. *Rice,* 93 Cal.App.2d 646 [209 P.2d 662]; *Peterson* v. *Peterson,* 135 Cal.App.2d 812, 816 [288 P.2d 171]; *Guardianship of Levy,* 137 Cal.App.2d 237, 244 [290 P.2d 320]; *Harada* v. *Fitzpatrick,* 33 Cal.App.2d 453, 459 [91 P.2d 941]; *Campbell-Kawannanakoa* v. *Campbell,* 152 Cal. 201 [92 P. 184].) In each of the cases cited an application was seasonably made, that is, within six months of the proceeding in question. In the instant case the appellant made no such motion. ■ Even if there was suppression of evidence, and that is in effect what appellant claims, such suppression would constitute intrinsic fraud. (See *Muller* v. *Muller, supra,* 141 Cal.App.2d 722, 730.) "Concealment by a party of evidence, which, if disclosed, would tend to overthrow his case, is not extrinsic fraud and therefore is not ground for a suit to set aside a judgment." *Pietro* v. *Pietro,* 147 Cal.App.2d 788, 791 [305 P.2d 916], citing *Burch* v. *Hibernia Bank,* 146 Cal.App.2d 422, 432 [304 P.2d 212], wherein it is said:

"The concealment by a party of evidence which, if disclosed, would tend to overthrow his case is not extrinsic fraud. *Hogan* v. *Hogan,* 131 Cal.App.2d 281 . . . , says (p. 284):

" 'It is settled in this state that a judgment will not be set aside because it is based upon perjured testimony or because material evidence is concealed or suppressed, that such fraud both as to the court and the party against whom judgment is rendered is not fraud extrinsic to the record for which relief may be had.' " (See also *Muller* v. *Muller, supra,* 141 Cal.App.2d 722, 730-732.) Also see *Hogan* v. *Hogan,* 131 Cal.App.2d 281, where it is said at page 284 [304 P.2d 212]: "And in *People* v. *Egan,* 73 Cal.App.2d 894 [167 P.2d 766], it is said that it is settled in this state that a judgment will not be set aside because it is based upon perjured testimony or because material evidence is concealed or suppressed, that such

744

fraud both as to the court and the party against whom judgment is rendered is not fraud extrinsic to the record for which relief may be had. (And see *Pico* v. *Cohn*, 91 Cal. 129 [25 P. 970, 27 P. 537, 25 Am.St.Rep. 159, 13 L.R.A. 336].) "

As heretofore indicated, the time for vacating the default had passed and any order vacating the default judgment on the grounds of intrinsic fraud would be an idle act. (*Solot* v. *Linch, supra,* 46 Cal.2d 99, 105; *Cumberpatch* v. *Nolan, supra,* 125 Cal.App.2d 205, 207.)

Furthermore, in this case the appellant has failed to point out to this court why, having apparently known of all of the facts which he claims as fraud at the time of his first motion before Judge Gumpert, he did not present such matters to Judge Gumpert. Nor did the defendant in his motion before Judge Kauffman show why he had not presented the fraud claim to Judge Gumpert. (See Code Civ. Proc., § 1008; *Beaumont* v. *Midway Provident Oil Co., supra,* 21 Cal. App. 128.)

In any event the charge of fraud presented only a question of fact and it was the function of the trial judge to determine the matter. It was appropriately said in *Goodrich* v. *Tulare Ice Co., supra,* 140 Cal.App.2d 224, at pages 226-227.

"The evidence presented at the hearing on the motion to vacate the judgments reasonably supports the inference and the implied findings of the court that plaintiffs failed to establish extrinsic fraud or that the plaintiffs were prevented from fully exhibiting their case by the acts or conduct of the defendants. Under such circumstances we cannot interfere with the orders from which this appeal is taken. The weight and sufficiency of the evidence, the construction to be put upon it and the inferences to be drawn therefrom were matters for the trier of the facts. (Citing cases.) And, as is said in *Farmers Auto etc. Exch.* v. *Calkins,* 39 Cal.App.2d 390, 393 [103 P.2d 230] :

" 'There is strong presumption of innocence of fraud and the burden of proving these allegations rested heavily on the plaintiff. As was said in *Everett* v. *Standard Acc. Ins. Co.,* 45 Cal.App. 332 [187 P. 996] : ''The presumption is always against fraud. This presumption approximates in strength that of innocence of crime. (*Truett* v. *Onderdonk,* 120 Cal. 581, 588 [53 P. 26].) One who seeks relief from fraud must allege it and prove it by clear and satisfactory evidence. A mere suspicion of fraud is not sufficient." ' "

A reading of the federal court pleadings and other documents with reference to that case and a reading of the documents in this case, convinces us that the issues in the two cases were not the same and the adjudication in that case did not dispose of the issues in the case before us.

Considering the appellant's contention that the judgment for $6,185,000 must be set aside because it exceeds the relief demanded in the prayer of the complaint; the prayer in the complaint reads as follows:

"1. That the agreement of August 10, 1943, between plaintiff and defendant Bush be cancelled insofar as it pertains to said 'Mau F' lease.

"2. That defendants be declared Trustees of all interests held by them for the plaintiff in said 'Mau F' lease, and that they be required to assign any such interest to plaintiff.

"3. For an accounting of the proceeds of production received by said defendants.

"4. For damages in such sums as will compensate plaintiff for its loss of said leases.

"5. For its costs of suit herein incurred, and for such other and further relief as the Court may deem proper in the premises."

Appellant cites as authority for his position in this connection the following cases: *Flores* v. *Smith*, 47 Cal.App.2d 253 [117 P.2d 712]; *Gudarov* v. *Hadjieff*, 38 Cal.2d 412 [240 P.2d 621]; *Burtnett* v. *King*, 33 Cal.2d 805 [205 P.2d 657, 12 A.L.R. 2d 333]; *Prater* v. *Dingus*, 230 Ky. 82 [18 S.W.2d 883]; *Kimmarle* v. *Houston & T.C. Ry. Co.*, 76 Tex. 686 [12 S.W. 698]; *W. T. Rawleigh Co.* v. *Scott*, 152 Miss. 704 [120 So. 834]; *Von Der Kuhlen* v. *Hegel*, 51 Cal.App. 416 [196 P. 913]; *Staacke* v. *Bell*, 125 Cal. 309 [57 P. 1012]; *Brooks* v. *Forington*, 117 Cal. 219 [48 P. 1073]. A reading of each of these cases indicates that none of them involved a prayer for an accounting or a judgment for money granted after an accounting which is the situation in the present case.

Appellant also asserts that an accounting was not necessary in this case, and should not be accorded with respect to a sum that was known to the plaintiff. The plaintiff here, however, specifically alleged in the complaint that it did not know the extent or amount of money involved, and no showing has been made to indicate that the contrary is true.     It was said in *Kupfer* v. *Brawner*, 19 Cal.2d 562, at page 564 [122 P.2d 268]: "If there was any error in the judgment

rendered in those proceedings, it was an error committed in the exercise of the court's jurisdiction, which could have been corrected only on an appeal from the judgment or other timely and direct attack thereon; but the judgment, having become final, is not subject to review in another action for error committed in the exercise of the court's jurisdiction. (Citing cases.)

"In *Gray* v. *Hall, supra* [203 Cal. 306 (265 P. 246)], it was said at page 314: 'The court having acquired jurisdiction of the subject matter and of the parties, its judgment is not void for the mere erroneous decision on a question of law, however important that question may have been in contemplation of the rights of the parties in the original action. A judgment is never absolutely void if the court had jurisdiction of the subject matter and the person of the defendant no matter how erroneous it may be.' It was also there recognized that the judgment is not necessarily vulnerable even though the error appears in the judgment roll.

" 'There must be an end to litigation, and the question as to the correctness of the rulings of the court upon matters within its jurisdiction are reviewable only by the appellate tribunal.' (*Le Mesnager* v. *Variel, supra*, at p. 465 [144 Cal. 463 (77 P. 988, 103 Am.St.Rep. 91)].) 'In other words, it is not the result reached which determines whether the judgment is void, but the power or authority which we call jurisdiction and which lies behind the mere conclusion that determines the question.' (*Crew* v. *Pratt, supra*, at p. 151 [119 Cal. 139 (51 P. 38)].)"

Appellant also cites the cases of *Davis* v. *California Motors,* 73 Cal.App.2d 241, 246 [166 P.2d 52]; *Whann* v. *Doell,* 192 Cal. 680, 684 [221 P. 899], and *Garwick* v. *Gordon,* 121 Cal. App.2d 247, 250-251 [263 P.2d 125], for authority for his contention (that even if an accounting were necessary, none, in the legal sense, was made); however, in each of such cases it is noted that the appeal was from a judgment where the sufficiency or the support for findings could be, and was in fact being reviewed. None of the cases so cited involved a motion to vacate, nor did they involve a default proceeding.

Appellant also insists that there was presented to Judge Rhone, prior to the hearing on the default judgment, a statement, brief or other document which purportedly contained the accounting or method of calculating the total sum allegedly due.

The appellant should not be permitted to go behind

the judgment roll and attempt to show that something was stated to the trial court at the time of, or before the hearing which he, the appellant, assumes or thinks supports his position. There is nothing on the face of the record, or contained in the judgment which shows that Judge Rhone considered the "statement" in any manner whatsoever. ▮ We are bound to presume that whatever the evidence was which was offered, it was sufficient. (See *Williams* v. *Reed*, 43 Cal.App. 425, 428-431 [185 P. 515], and cases therein cited.) The judgment is not void on its face, or void for want of jurisdiction of the person, or for extrinsic fraud or material mistake.

▮ As we view it, if the appellant's attack on the judgment is collateral, then he cannot go beyond the judgment roll. (*Estate of Wise*, 34 Cal.2d 376, 382 [210 P.2d 497]; *Kaufmann* v. *California Mining, etc. Syndicate*, 16 Cal.2d 90 [104 P.2d 1038]; *Crouch* v. *H. L. Miller & Co.*, 169 Cal. 341 [146 P. 880]; *Olivia* v. *Suglio*, 139 Cal.App.2d 7 [293 P.2d 63].)

▮ If the attack on the judgment is direct, then, of course, under section 473, Code of Civil Procedure, the motion to vacate should have been filed within the period prescribed by that section. The motion in the present proceeding was not filed until more than three years after the entry of the default.

▮ In this case the complaint alleges facts to show that the appellant violated his fiduciary obligations to the plaintiff as a coadventurer. Taking the allegations of the complaint as a whole, an accounting is clearly proper. (*Stamler* v. *Kissinger*, 115 Cal.App.2d 171, 175 [251 P.2d 709]; *Austin* v. *Turrentine*, 30 Cal.App.2d 750, 764 [87 P.2d 72, 88 P.2d 178]; *Milton Kauffman, Inc.* v. *Superior Court*, 94 Cal.App.2d 8, 18 [210 P.2d 88]; *Butler* v. *Union Trust Co.*, 178 Cal. 195, 198 [172 P. 601].) In *Austin* v. *Turrentine, supra*, 30 Cal. App.2d 750, at page 764, it was said: "It is settled law of this state that where a joint adventure is alleged, and it is claimed that one of the joint adventurers received a secret profit, then relief can only be had by way of an accounting. (*Mosher* v. *Helfend*, 7 Cal.App.2d 48, 51 [44 P.2d 1050].)"

▮ "The primary purpose of section 580 [Code of Civil Procedure] is to insure adequate notice to the defendant of the demands made upon him." (*Anderson* v. *Mart*, 47 Cal.2d 274, 282 [303 P.2d 539].) ▮ We think the appellant was fully and adequately notified that an accounting was demanded in this case. The judgment sets forth that an accounting was had, and that, under the circumstances, is binding upon the

appellant and this court. (*Estate of Estrem*, 16 Cal.2d 563, 570 [107 P.2d 36]; *Borenstein* v. *Borenstein*, 20 Cal.2d 379, 381 [125 P.2d 465].)

Section 585, subdivision 2, Code of Civil Procedure, provides in part as follows:

"If the taking of an account, or the proof of any fact, is necessary to enable the court to give judgment or to carry the judgment into effect, the court may take the account or hear the proof, or may, in its discretion, order a reference for that purpose." (See also *Mattocks* v. *Van Asmus*, 180 Mo.App. 404 [168 S.W. 233, 235]; *Crossman* v. *Vivienda Water Co.*, 136 Cal. 571, 574-575 [69 P. 220].) An accounting in this case was proper and damages are frequently allowed as an essential element of the accounting where it is made to appear that the property itself cannot be accounted for. (*Horan* v. *Consolidated etc. Min. Co.*, 41 Cal.App. 333, 338-340 [182 P. 813].)

Appellant's next contention is that the complaint was amended in matters of substance after the default of the appellant was entered, and that therefore such amendments opened the default. It appears that Kathryn Mau, who was the president of the plaintiff corporation, at sometime or another made some marks and wrote some comments or words upon the original complaint or the exhibits attached thereto, after the complaint was on file with the clerk of the court. We have carefully perused the original file in this case and the marks and words referred to, and we think that such marks and such words were not in any sense amendments to the complaint. In *Rardin Logging Co.* v. *Bullok*, 120 Cal.App. 2d 67, a case similar in many respects to the one before us, it was stated at pages 68-69 [260 P.2d 81]:

"1. If an amendment to a complaint is not in a matter of substance the default against a defendant is good even though he was not served with the amended complaint. (Citing cases.)

.  .  .  .  .  .  .  .  .  .  .  .  .  .

"2. The default judgment having been entered by the court, and not by the clerk, was not void even though the amendment be considered one of substance. Where the court renders a default judgment after an amendment to the complaint which has not been served on the defendant, it has jurisdiction to determine whether or not the matter added by the amendment is matter of substance. Its determination of

that question even though erroneous does not render its judgment void. (Citing cases.)''

We must presume that Judge Rhone examined the file, which included the pleadings and the markings in question, and determined that if they constituted amendments, they were not amendments of substance. (See *Bley* v. *Dessin,* 31 Cal.App.2d 338, 341-342 [87 P.2d 889].) The evidence was conflicting as to when the marks were placed upon the complaint, and under such circumstances the determination of the trial court precludes this court from weighing the evidence again. There was evidence before the court that none of the attorneys of record ever authorized or ratified any marks, or authorized or ratified any purported amendments. Mrs. Mau, the president of the plaintiff corporation, stated in effect that no one authorized her to make any marks or to write any words on the complaint. Further, there was evidence that the marks and words were called to the attention of Judge Rhone. (*Harris* v. *Minnesota Investment Co.,* 89 Cal.App. 396 [265 P. 306]; *Electric Utilities Co.* v. *Smallpage,* 137 Cal. App. 640 [31 P.2d 412]; *People* v. *Merkouris,* 46 Cal.2d 540 [297 P.2d 999]; *Crane* v. *Crane,* 121 Cal. 99 [53 P. 433].) Moreover, the appellant has made no showing to the effect that he was in any wise prejudiced by any markings or writings upon the complaint. *Sheehy* v. *Roman Catholic Archbishop,* 49 Cal.App.2d 537 [122 P.2d 60], is not in point.

The appellant also asserts that it was a crime for Mrs. Mau to make markings or writings on the complaint on file, and that therefore the plaintiff should not be permitted to retain its judgment. Suffice it to say, Mrs. Mau was not a party to the action, and if she violated the law, this is not the court to which the complaint should be made.

Appellant's next contention is that the delay of the defendant was excusable because of the negligence of his former attorney. We think the rule in California is that a client is charged with the negligence of his attorney, and his negligence will not necessarily be a ground for vacating a judgment by default. It was set forth in *Alferitz* v. *Cahen,* 145 Cal. 397, 400 [78 P. 878] that, ''Where such questions of negligence and mistake arise, there must always come a time when, notwithstanding the hardship to the client, he must be bound by the errors and omissions of his attorney.''

And as said in *United States* v. *Duesdieker,* 118 Cal. App. 723, at pages 725-726 [5 P.2d 916]: ''If appellants'

failure to appear was the result of such neglect on the part of their former attorney, they are chargeable therewith (citing authority and cases), and they may not claim that the trial court abused its discretion in refusing to set aside their default without showing that such neglect was excusable.''

Appellant's last contention is that if the complaint on file was changed by markings before it was filed, that then and in such event appellant was never served a copy of such complaint, and further that he has a meritorious defense to the action. As heretofore set forth, there was testimony that the markings were made after the complaint was filed and served, and on the basis of that and other evidence the trial court made its determination, and we are bound by such determination in this proceeding.

In our opinion the appellant has not shown that any of the trial judges having to do with this cause was arbitrary or capricious in any respect. No deceit was practiced upon the appellant by the plaintiff or any of its attorneys; no one associated or concerned with the plaintiff lulled the appellant into any false sense of security; there was no concealment upon the part of the plaintiff or any one of its attorneys. The appellant defaulted and a judgment was secured against him. Under the circumstances he is not entitled to have the default or the judgment set aside.

Each of the orders appealed from is affirmed.

White, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied August 3, 1959, and appellant's petition for a hearing by the Supreme Court was denied August 31, 1959. White, J., did not participate therein. A request for reconsideration of the petition for hearing was denied September 4, 1959. White, J., did not participate therein.